DISTRICT OF COLUMBIA, a Municipal
Corporation, Appellant,

v,

Walter C. GREEN, Appellee.
No. 12393.

United States Court of Appeals,
District of Columbia Circuit.

Argued Feb. 15, 1955.
Decided March 31, 1955.

Mr. Hubert B. Pair and Harry L. Walker, Asst. Corporation Counsel for the District of Columbia, with whom Mr. Vernon E. West, Corporation Counsel, and Mr. Chester H. Gray, Principal Asst. Corporation Counsel, were on the brief, for appellant. Mr. J. Hampton Baumgartner, Jr., Asst. Corporation Counsel, also entered an appearance for appellant.

Mr. Joseph A. McMenamin, Washington, D. C., for appellee.

Before PRETTYMAN, BAZELON and DANAHER, Circuit Judges.

PRETTYMAN, Circuit Judge.

Our appellee, Green, brought a civil action against the District of Columbia for injuries sustained when he fell in a public market. He recovered a judgment upon a trial before a jury.

Green's fall was in an areaway. The marketmaster, a veteran of fourteen years' employment at this market, testified that to reach the point where Green fell "There is one step down to a platform and there is a half step into the areaway where the water was." The District of Columbia says that the spigot in the areaway was provided for the use of market employees only; it argues that therefore Green was a trespasser or at

best a bare licensee when he walked down into the areaway to use the spigot. But the areaway opened directly from a wide walk used by the public at the market, and there was no sign to exclude the public and no notice that the areaway or the spigot was for employees only. Green had bought some fruit in the market and walked over to the spigot to wash it. There is no substantial dispute about Green's status while he was making his purchases; he was a business visitor, technically an invitee. The question is whether in going to the spigot he left the area of the invitation.[1] Upon the facts in this record we cannot say it must have been apparent to any reasonable person that the areaway was not a place where the general public was invited and welcomed. So the trial court properly put to the jury the question whether the accident occurred in a portion of the market which had been withdrawn from public use and travel. We find no error in its action in that regard.

■ The District says there was no substantial evidence that the areaway was in a dangerous condition or that it (the District) had notice of such a condition. We think the evidence on both points was sufficient to go to the jury.

■ The District says the operation of the market by it was a governmental function. We held in District of Columbia v. Richards[2] that the District is liable for injuries to a customer at a public market under the law relating to its proprietary obligation, as the owner and operator of property used for business purposes, to one invited there as a customer. The mere fact that the market was operated pursuant to a specific mandate of Congress[3] would not change that principle.

■ The District says that the jurisdictional requirements of Section 208, Title 12, of the District of Columbia Code[4] were not met. That section requires a written notice to "the commissioners of the District of Columbia" within six months of an accidental injury. The notice in the case at bar was directed to "District of Columbia Government". The address given was "District Building, Washington, D. C." Code provisions are that "The District is created a government by the name of the 'District of Columbia,'"[5] that "The Commissioners herein provided for shall be deemed and taken as officers of such corporation",[6] and that "The executive power is vested in the Commissioners."[7] We think "District of Columbia Government" is a sufficient synonym of "the commissioners of the District of Columbia" for the purposes of Section 208, Title 12, of the Code.[8] The District cites McDonald v. Government of the District of Columbia[9] in support of its position. But the two cases are not similar. There the problem was whether oral advice to an assistant corporation counsel was sufficient compliance with the statutory requirement for written notice to the Commissioners. We held that it was not and that the statute required strict compliance. The underlying consideration was the statutory necessity for a formal written notice

---

1. See Firfer v. United States, D.C.Cir. 1953, 93 U.S.App.D.C. 216, 208 F.2d 524.

2. 1942, 75 U.S.App.D.C. 349, 128 F.2d 297.

3. 45 Stat. 1487 (1929), D.C.Code § 10-137 (1951); Pub.Res. No. 39, 76th Cong., 1st Sess., 53 Stat. 1215 (1939).

4. 47 Stat. 1370 (1933).

5. Rev.Stat.D.C. § 2, 20 Stat. 102 (1878), D.C.Code § 1-102 (1951).

6. 20 Stat. 102 (1878), D.C.Code § 1-103 (1951).

7. Rev.Stat.D.C. § 3, 18 Stat. 116 (1874), 20 Stat. 103 (1878), D.C.Code § 1-218 (1951).

8. On the second line of the address of the notice was "Division of Claims", but that addition did not nullify the otherwise adequate address. If the prime address had been "Commissioners of the District of Columbia" with the added notation "Division of Claims", it would have been a valid notice. The same consideration applies here.

9. 1955, 95 U.S.App.D.C. ——, 221 F.2d 860.

**314**

to the government as such, as contrasted with informal oral advice to subordinate officials, which advice might or might not become recorded in and associated with the official files in the matter which must go from office to office in a government as extensive and complicated as that of a great municipality. We think the notice in the case at bar was sufficient and in strict, even though not precisely literal, compliance with the statute.

Affirmed.