**DISTRICT OF COLUMBIA, Appellant,**

**v.**

**Ruth SMITH, Appellee.**

**No. 5285.**

District of Columbia Court of Appeals.

Argued Oct. 26, 1970.

Decided Dec. 22, 1970.

Thomas R. Nedrich, Asst. Corp. Counsel, with whom Hubert B. Pair, Acting Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for appellant.

David S. Greene, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and FICKLING and NEBEKER, Associate Judges.

---

HOOD, Chief Judge:

Appellee brought this action against her landlord, Wire Properties, Inc., and the District of Columbia for damages on account of injuries suffered when she slipped and fell on the snow and iced-covered sidewalk in front of her apartment residence. At trial the court directed a verdict in favor of the landlord, but submitted the case against the District of Columbia to the jury which returned a verdict in favor of appellee.

The District has appealed and claims it was entitled to a directed verdict for two reasons: (1) failure of appellee to prove compliance with D.C.Code 1967, § 12–309, and (2) failure of appellee to present sufficient evidence of negligence on the part of the District. For reasons hereafter stated we agree with the District on its first claim of error and accordingly find it unnecessary to consider the second claim.

D.C.Code 1967, § 12–309 provides:

An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Board of Commissioners of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage. * * *

At trial it was conceded that the only written notice given the District within the statutory 6 months' period[1] was a letter sent to the District by The Hartford Insurance Group, stating:

RE: Firemen's L
  Claimant—Mrs. Ruth Smith
  Insured—Wire Properties, Inc. et al
  Date of Accident—12/27/66

Gentlemen:

In reference to the above captioned case, be advised our investigation has disclosed the injury to above claimant occurred on the public sidewalk in front of 2022 Maryland Avenue, N. E. The above claimant resides at this address in apartment no. 12 and alleges that on Dec. 27, 1966, at about 9:00 A.M. she was injured in a fall on the public sidewalk in front of this address.

Mrs. Smith is represented by Attorney Solomon L. Margolis with offices at 1025 Vermont Avenue, N. W., Washington, D. C., phone 347–7366.

This correspondence is to serve as notice relative to the aforementioned injury.

Very truly yours,
Kirby Gallagher
Claims Representative

lmh
cc: Mr. Solomon Margolis
  Attorney at Law
  1025 Vermont Ave., N. W.
  Washington, D. C.

The statute requires that notice be given by "the claimant, his agent, or attorney". It is obvious that Hartford's letter was not a notice by appellee or by appellee's attorney, and we cannot agree with appellee's contention that Hartford acted as her agent in sending the letter. No claim is made that appellee authorized Hartford to send the letter on her behalf. It seems plain that Hartford's purpose in writing the letter was to shift any responsibility for the accident from its insured, appellee's landlord, to the District, and perhaps also to notify the District that Hartford would make a claim against the District for indemnity or contribution if its insured were eventually found liable to appellee.

As Hartford in its letter did not purport to represent appellee and specifically stated she was represented by a named attorney, the District had no reason to even suspect that the letter was intended to be treated as notice of a claim by appellee. It would naturally expect that if appellee had a

---

1. The action was not filed until nearly a year after the accident.

claim, notice would be given by her attorney.

Although the statute is in derogation of the common law and must be strictly construed, courts cannot under the guise of statutory construction ignore the plain mandatory language of the statute.[2] The statute requires written notice by the complainant, her agent, or attorney. Such notice was not given here and the District of Columbia was entitled to a directed verdict.

Reversed with instructions to enter judgment for the District of Columbia.

2. District of Columbia v. World Fire & Marine Ins. Co., D.C.Mun.App., 68 A.2d 222 (1949). *See also* Boone v. District of Columbia, 294 F.Supp. 1156 (D.D.C. 1968).