**Ruth SMITH, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 24958.**

United States Court of Appeals, District of Columbia Circuit.

Argued April 12, 1972.

Decided June 27, 1972.

Mr. David S. Greene, Washington, D. C., for appellant.

Mr. Thomas R. Nedrich, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for appellee.

Before WRIGHT and WILKEY, Circuit Judges, and RONALD N. DAVIES,* U.S. Senior District Judge for the District of North Dakota.

RONALD N. DAVIES, Senior District Judge:

The record reveals that on December 27, 1966, Ruth Smith slipped and fell on an ice and snow covered sidewalk in front of her apartment located at 2022 Maryland Avenue, N.E., District of Columbia. She commenced an action against her landlord and the District of Columbia to recover damages for the injuries sustained as a result of the fall.

At trial the landlord's motion for a directed verdict was granted, while that of the District was denied and the matter submitted to a jury. A verdict was returned in favor of Ruth Smith and the District's subsequent motion for judgment notwithstanding the verdict or, in the alternative, for a new trial was denied.

Claiming that it was entitled to a directed verdict by the trial court the District appealed to the District of Columbia Court of Appeals to which was presented two issues: (1) failure of Ruth Smith to prove compliance with the D.C.Code 1967, § 12–309, and (2) failure of Ruth Smith to present sufficient evidence of negligence on the part of the District.

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d) (1970).

Agreeing with the District's first contention and thus finding it unnecessary to consider the second, the Court of Appeals, 271 A.2d 786, held that Ruth Smith had failed to comply with the plain mandatory language of § 12–309 and that the District was, therefore, entitled to a directed verdict. Ruth Smith's petition to appeal from that judgment was granted by this Court.

Section 12–309 provides that:

"An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Board of Commissioners of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage. *A report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under this section.*" (Emphasis supplied.)

It is undisputed that the only written notice received by the District was a letter by a claims representative for Hartford Insurance Group, the landlord's insurer, which reads as follows:

"April 5, 1967

"Government of the District of Columbia
Office of the Corporation Counsel
District Building
14th & E Streets, N. W.
Washington, D. C.

"RE: Firemen's L
Claimant—Mrs. Ruth Smith
Insured—Wire Properties, Inc. et al
Date of Accident—12/27/66

"Gentlemen:

"In reference to the above captioned case, be advised our investigation has disclosed the injury to above claimant occurred on the public sidewalk in front of 2022 Maryland Avenue, N. E. The above claimant resides at this address in apartment No. 12 and alleges that on Dec. 27, 1966, at about 9:00 A.M. she was injured in a fall on the public sidewalk in front of this address.

"Mrs. Smith is represented by Attorney Solomon L. Margolis with offices at 1025 Vermont Avenue, N.W., Washington, D. C., phone 347–7366.

"This correspondence is to serve as notice relative to the aforementioned injury.

"Very truly yours,
Kirby Gallagher
Claims Representative

"lmh
cc: Mr. Solomon Margolis
Attorney at Law
1025 Vermont Ave., N.W.
Washington, D. C."

While Hartford's letter complies with the statute to the extent that it identifies the claimant, the approximate time of the injury, the approximate place of the injury, the approximate cause of the injury and the approximate circumstances of the injury, it is the District's contention that since the notice did not emanate from *the claimant, his agent or attorney* as required by the statute, it was fatally defective.

This Court seeks, as it has in the past,[1] to effectuate the purpose of the statute, that is, to give the District timely information concerning a claim against it so that it may adequately prepare its defense.[2]

In Hirshfeld v. District of Columbia, 103 U.S.App.D.C. 71, 254 F.2d 774 (1958), it was held that under certain limited circumstances effective no-

1. Stone v. District of Columbia, 99 U.S. App.D.C. 32, 237 F.2d 28 (1956), cert. denied, 352 U.S. 934, 77 S.Ct. 221, 1 L.Ed.2d 160; and Hirshfeld v. District of Columbia, 103 U.S.App.D.C. 71, 254 F.2d 774 (1958).

2. Stone v. District of Columbia, footnote 1, supra.
   House Report 2010, 72nd Congress, Second Session, indicates that the purpose of the bill was "to give the District officials reasonable notice of the accident so that the facts may be ascertained and, if possible, the claim adjusted."

tice could be given, without specific delegation, to an official other than the one set forth in the statute. Similarly, effective notice can be given, without specific delegation, by one not the claimant, his agent [3] or attorney where, as here, it is obvious that a claim is being made which sets forth the claimant's identity and the approximate time, place, cause and circumstances of the injury or damage and the District can show no resulting prejudice. To hold otherwise would be giving effect to an overly strict and technical reading of the statute while ignoring its legislative history and the purpose of its enactment. "We see no prejudice to the District, but a substantial compliance with the statute and an effectuation of the purposes of Congress." Hirshfeld v. District of Columbia, supra.

Reversed and remanded to the District of Columbia Court of Appeals for its consideration of the District's contention that it was entitled to a directed verdict for failure of Ruth Smith to present sufficient evidence of negligence on the part of the District.

3. Ruth Smith's alternate contention that Hartford acted as her agent is unpersuasive.