DISTRICT OF COLUMBIA, Appellant,

v.

Ruth SMITH, Appellee.

No. 5285.

District of Columbia Court of Appeals.

Argued Sept. 29, 1972.

Decided Nov. 29, 1972.

Thomas R. Nedrich, Asst. Corp. Counsel, with whom Hubert B. Pair, Acting Corp. Counsel at that time, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for appellant.

David S. Greene, Washington, D. C., for appellee.

Before FICKLING and NEBEKER, Associate Judges, and HOOD, Chief Judge, Retired.

PER CURIAM:

This case, an appeal by the District of Columbia from a judgment for alleged negligence on its part in failing to remove ice and snow from a public sidewalk, is before us for the second time. A brief account of the prior proceeding is appropriate.

In our previous opinion we held that recovery was barred for failure of the "claimant, his agent, or attorney" to give notice in writing to the District within six months after the injury was sustained, as is required by D.C.Code 1967, § 12–309. *See* District of Columbia v. Smith, D.C. App., 271 A.2d 786 (1970). Our decision was rendered on December 22, 1970. At that time decisions of this court were subject to review by the United States Court of Appeals for the District of Columbia Circuit,[1] but also at that time the District

1. D.C.Code 1967, § 11–321.

of Columbia Court Reform and Criminal Procedure Act of 1970 had been enacted. That Act provided that as of February 1, 1971, this court would become the highest court of the District of Columbia and its decisions would no longer be subject to review by the United States Court of Appeals, and would be reviewable by the Supreme Court of the United States.[2]

On December 30, 1970, a petition for allowance of an appeal from our decision was filed with the United States Court of Appeals. On March 5, 1971, a month after the effective date of the Court Reorganization Act, the United States Court of Appeals allowed the appeal. Its decision on the appeal, reversing this court, like another recent decision on appeal from this court, "was, regrettably, delayed"[3] and was not rendered until June 27, 1972.[4] Thus we have the rather anomalous situation of a decision of this court on the interpretation of a statute of strictly local application being overruled by the United States Court of Appeals, in an opinion written by a visiting judge from North Dakota, nearly seventeen months after this court acquired "final authority to interpret a D.C. enactment."[5] Nevertheless, we must recognize that when our decision was rendered and when the petition for allowance of appeal was filed, the United States Court of Appeals had jurisdiction to review our decision and its decision constitutes the law of this case. But its decision, having been rendered after the effective date of the Court Reorganization Act, constitutes no binding precedent on future cases in this court.[6]

In reversing our decision, the United States Court of Appeals felt free, as we did not, to disregard the plain mandatory language of the statute in order "to effectuate the purpose of the statute,"[7] and held that notice to the District was sufficient although not given by the claimant, her attorney, or her agent. The case is now before us on remand to consider whether the claimant (appellee) presented sufficient evidence of negligence on the part of the District to warrant submission of the case to the jury. As it has been nearly two years since our first hearing, we have had reargument on this single issue.

The testimony of appellee, her only witness, was that she was employed at night and on December 27th she finished work at about 6:00 a. m. and then drove to her home from which she had been absent since the 24th. When she arrived at her apartment she parked her car about two car lengths away and "tripped across the snow and walked carefully on up the steps." The snow and ice on the sidewalk was "very rough and rugged." About 3 hours later appellee left her apartment to return to her car. She reached the sidewalk and as she walked toward her car she slipped and fell. The snow and ice on the walk, she repeated, was "rough and rugged" with lumps in it.

The official weather report showed there was a 6½ inch snowfall in the area on December 24th, but no snowfall on the 25th, 26th or 27th.

Our question is whether appellee's testimony entitled her to have the issue of the District's negligence submitted to the jury. The leading authority on the subject in this jurisdiction is Smith v. District of Columbia, 89 U.S.App.D.C. 7, 11, 189 F.2d

2. See M.A.P. v. Ryan, D.C.App., 285 A.2d 310 (1971).

3. Williams v. W.M.A. Transit Co., U.S. App.D.C. (No. 24,485, decided June 30, 1972, sl. op. at 17).

4. Smith v. District of Columbia, D.C.Cir., 463 F.2d 962 (1972).

5. The quoted language is that of Judge Leventhal in Williams v. W.M.A. Transit Co., supra, n. 3, sl. op. at 17.

6. M.A.P. v. Ryan, supra, n. 2.

7. Smith v. District of Columbia, D.C.Cir., 463 F.2d 962, 964 (1972).

671, 675 (1951) where Judge Prettyman said:

> The correct governing rule is that, if snow or ice has been permitted to remain untreated on a sidewalk or crosswalk and has been formed into humps or ridges or other shapes of such size and location as to constitute a danger aggravated over its original mere slipperiness and unusual in comparison with general conditions naturally prevalent throughout the city, and if such condition has remained for a period of time sufficient to give rise to a constructive notice to the municipal authorities and an opportunity for them to remedy it, the municipality is liable for injuries of which the dangerous condition is the proximate cause.

Tested by the stated rule, we hold the evidence was not sufficient to present a jury question. In the first place, appellee's description of the snow and ice on the walk as "rough and rugged," with lumps in it, was too general in nature to support a finding that the ice and snow had been formed into shapes of such size and location as to constitute a danger aggravated over its original mere slipperiness. The jury would be compelled to speculate as to the meaning of "rough and rugged" as used by appellee. Some more specific description was required. In *Smith* it was held that if there was a "ridge of ice three or four inches high", as some of the testimony indicated, "such a ridge might have constituted an obstruction of the sort which would give rise to liability." [8]

Furthermore, there was no evidence that the condition on this sidewalk was unusual in comparison with the general conditions naturally prevalent throughout the city. Appellee did testify that the walks in front of the Senate Office Building, where she was employed, had been cleared, but this was no proof of general conditions throughout the city.

Finally, there was no evidence that the condition complained of had existed for such time as to give notice to the District and opportunity to correct it. For all that appears, the condition may have been the result of melting on the previous day followed by an overnight freeze.

Judgment reversed with instructions to enter judgment for the District of Columbia.

---

8. Smith v. District of Columbia, 89 U.S.App.D.C. 7, 13, 189 F.2d 671, 677 (1951).