Herman E. BROWN, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 6834.

District of Columbia Court of Appeals.

Argued April 2, 1973.

Decided April 30, 1973.

Thomas Fortune Fay, Olney, Md., for appellant.

James N. Dulcan, Asst. Corporation Counsel, with whom C. Francis Murphy, Corporation Counsel, and Richard W. Barton, Asst. Corporation Counsel, were on the brief, for appellee.

Before GALLAGHER, PAIR and YEAGLEY, Associate Judges.

PER CURIAM:

On June 30, 1972, appellant complained against the District of Columbia (appellee) in the Civil Division of the Superior Court demanding damages for false arrest, false imprisonment, and assault allegedly occurring on December 14, 1971.

On motion of appellee the complaint was dismissed because appellant "failed to comply with the mandatory notice provisions of D.C.Code 1972 Supp., § 12–309." [1]

While conceding that the suit was filed more than six months after the acts complained of, appellant contends that the police report (P.D. 251) of his arrest on December 14, 1971, for unlawful entry and for carrying a dangerous weapon was sufficient notice of his claim to satisfy the requirements of the statute. We do not agree.

1. An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Commissioner of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage. A report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under this section.

D.C.Code 1972 Supp., § 12–309 contemplates that the "report in writing by the Metropolitan Police Department, in regular course of duty," shall notify the District of Columbia of an injury to person or damage to property. The police report (P.D. 251) made in this case was a "Report of Crime Against Person or Property", mandated by D.C.Code 1967, § 4–134a.

In the opinion of this court that report setting forth, as it does, the circumstances surrounding appellant's arrest for unlawful entry and carrying a dangerous weapon was not notice of an injury to person or damage to property for the purposes of D.C. Code 1972 Supp., § 12–309.

Affirmed.