**R. Roderick SHEHYN, Appellant,**

v.

**DISTRICT OF COLUMBIA et al., Appellees.**

No. 12548.

District of Columbia Court of Appeals.

Submitted May 25, 1978.

Decided Oct. 16, 1978.

---

4. *See* discussion and cases cited therein, p. 1007 *supra.*

Paul D. Kamenar, Washington, D. C., for appellant.

John R. Risher, Jr., Corp. Counsel, Washington, D. C., at the time the brief was filed, Richard W. Barton, Deputy Corp. Counsel, Leo N. Gorman and George T. Masson, Jr., Asst. Corp. Counsels, Washington, D. C., were on the brief for appellees.

Before NEBEKER, YEAGLEY and FERREN, Associate Judges.

NEBEKER, Associate Judge:

Appellant asserts that the trial court erred in dismissing his complaint for failure to have given timely notice to the District of Columbia (D.C.Code 1973, § 12–309), and for failure to commence this action within the statutory period of limitation (*id.* § 12–301). We affirm in part, vacate in part, and remand for further proceedings.

I

Appellant sued the District of Columbia and a number of District employees (hereinafter referred to, collectively, as the defendants). The complaint, filed on March 31, 1976, alleged that the District was the lessee of a building owned by appellant during the period November 1, 1969, to March 31, 1973. Count I alleged that all defendants breached the terms of the lease "in that they damaged and structurally altered the [leased] property and failed to return the property to its original condition . . . ." Count II alleged that all defendants "converted property of plaintiff to their own use and have not returned said property." Count III alleged that the individual defendants were negligent "in that they failed and refused to properly supervise and control their employees, agents and invitees, who caused extensive damages to plaintiff's property." Count IV alleged that "all defendants breached the lease agreement of the parties by allowing and inviting unsuitable persons to occupy and enter the premises thereby breaching the

terms of the lease agreement as to the nature of the occupancy."

All defendants answered and, after discovery, moved for judgment on the pleadings, Super.Ct.Civ.R. 12(c), asserting failure to give the required notice to the District, failure to commence the action within the statute of limitations, and failure to state a cause of action against the individual defendants. Accompanying the motion was an affidavit[1] in which the affiant stated that he had searched the files of the District and found no notice of claim made by appellant. A second affidavit stated that the leased premises were vacated by the District on March 30, 1973, and that the affiant had "turned over to [appellant] two keys to the premises, as indicated by [an attached] exhibit." The attached exhibit was an unsworn copy of an internal District memorandum, from a person other than the affiant, stating that the leased premises were "empty and clean." At the foot of the memorandum was the following handwritten statement, purportedly signed by appellant: "Received two (2) keys *only* to [leased premises]." (Emphasis added.) The emphasized word was separately inserted, apparently in a different hand.

Appellant opposed the motion by an affidavit in which he admitted the receipt of two keys on March 30, 1973, but stated that the keys did not fit the doors to the leased premises. In the affidavit he authenticated a copy of the lease agreement and a copy of a letter from his attorney to the Assistant Director for Buildings Management of the District, by which notice was given that "the District must quit and vacate the premises on or before April 1, 1973." The letter also stated that appellant "does not waive—indeed he fully intends to prosecute—his claims against the District . . under the above-referenced lease, including those for damages to the building during its occupancy by the District . . . ." This

letter was dated January 31, 1973, and a copy of the letter was sent to an Assistant Corporation Counsel. Additionally, appellant stated that he had had "numerous conversations" with personnel of the Department of General Services "complaining of damage to the leased premises both before and after expiration of the lease term." A copy of a letter received by appellant, purportedly signed by the Assistant Director of Buildings Management, accompanied the affidavit. This letter confirmed the District's understanding that the lease would terminate at midnight, March 31, 1973.

The trial court, after hearing argument, held that Count I failed to state a cause of action against the individual defendants, a ruling not challenged in this appeal; that the action was filed, as to all defendants on all remaining counts (II, III, and IV), outside the statute of limitations; and that, as to the District, Counts I, II, and IV were barred by failure to have given statutory notice of the claims.

## II

We consider first the applicability of the three-year statute of limitations. D.C.Code 1973, §§ 12–301(3) (recovery of damages for an injury to real or personal property); (7) (upon a simple contract); (8) (upon any other claim not otherwise specifically prescribed).

Count I alleged breach by the District of its contractual duty to restore the premises to its original condition.[2] The alleged breach was not the damage or alteration to the property but the failure to restore the premises within the time specified by the contract. *See Fowler v. A & A Company,* D.C.App., 262 A.2d 344 (1970). The contract recites, in part, that "prior to the termination of this lease, or any renewal hereof, . . . Lessee shall restore the premises to the same condition as that existing at the time of entering upon the

---

1. Upon request for consideration of material outside the pleadings by the trial judge, the motion was, in effect, converted to one for summary judgment under Super.Ct.Civ.R. 56. *See id.* R. 12(c).

2. Although the trial court did not specifically rule upon the applicability of the statute of limitations to Count I, we do so in the interest of judicial economy.

same under this lease . . . ." The time within which restoration was required, therefore, was prior to the termination of the lease. It is undisputed that, during the relevant period, the lease ran from month to month, so that the District was, absent contractual modification of the terms of the lease, entitled to possession through March 31, 1973. That the District vacated the premises prior to that date did not extinguish its right to enter the premises prior to expiration of its leasehold unless, in connection with that vacation, there was concluded a modification of the lease.[3] The release of two keys to appellant and his acceptance thereof cannot be deemed conclusively to have constituted such an agreement where, as here, appellant's acceptance specified "two keys *only*," there is no assertion that there remained no other keys in the possession of the District, and there is no showing that appellant took possession of the premises so as to prevent reentry by the District. Nor can we hold, upon this record, that the District's conduct constituted an anticipatory breach of its duty to restore the premises so as to commence the running of the statute. *See* 54 C.J.S. *Limitation of Actions* §§ 127, 202 (1948). These matters, therefore, were not ripe for summary adjudication.

▬▬▬ Count II alleged conversion of appellant's property by all defendants. The essence of a conversion is a wrongful taking or a wrongful retention of property after a rightful possession. Appellant, by affidavit, alleged as an example of converted property, a window fan which had been in the leased premises. Whether personalty or a fixture, we cannot say, upon this record, that such property was outside the scope of the parties' contractual intent in concluding the lease agreement.[4] Possession of such

property by the District during the lease term could well have been rightful and remained rightful until the expiration of the lease term, with the result that any conversion would not have occurred until the expiration of the lease created an implied demand for return of the property. *See Shea v. Fridley*, D.C.Mun.App., 123 A.2d 358 (1956); *Irvine v. Gradoville*, 95 U.S.App.D.C. 263, 264, 221 F.2d 544, 545 (1955); *Schupp v. Taendler*, 81 U.S.App. D.C. 59, 60, 154 F.2d 849, 850 (1946). *See also* 18 Am.Jur.2d *Conversion* § 63 at 197–98 (1965). Thus, as to the District, the statute would not have commenced to run until the expiration of the lease under the rationale applicable to Count I. *See* Annot., Limitations—Bailed Property, 57 A.L. R.2d § 10 at 1067–69 (1958) (statutory limitation affected by election between action in tort and action upon the contract of bailment). As to the individual defendants, because they were not parties to the contract, appellant's claim must lie in tort. But a bailor has no right of action for conversion against third parties during the term of the bailment. *See* 8 Am.Jur.2d *Bailment* § 284 at 1171 (1963). If, therefore, the District was rightfully in possession of the property during the lease term, appellant's right of action against the individual defendants did not accrue until the expiration of the lease term, and the statute would not have run upon this count. If on the other hand, the District's possession was not contractually rightful and there was a conversion of the property prior to the expiration of the lease (or an anticipatory breach of the contractual duty to return the bailed property), then the statute would have run against the claims asserted in this count. Upon this record we are unable to conclude which, if any, of these situations obtained, and summary application of the statute was, therefore, improper.

---

3. The lease *itself* provides for an option in the District to terminate the lease prior to expiration of a calendar month, but only where it is "enjoined from utilizing the demised premises for any reason" and upon fifteen days written notice. Lease amendment, para. 4.

4. Nor, of course, do we hold that such contractual intent existed. But it is the movants' burden to establish an absence of material factual

issues, not the respondent's (appellant's) burden to prove his case, which must determine the trial court's response to a motion for summary judgment. *See, e. g., Security National Bank v. Lish*, D.C.App., 311 A.2d 833 (1973). *See also Shea v. Fridley*, D.C.Mun.App., 123 A.2d 358 (1956) (action *ex contractu* under lease).

Count III alleges negligence in the supervision and control of employees, agents and invitees, who damaged appellant's property. It was uncontroverted that the leased premises were vacated on March 30, 1973. Any injury to appellant's property resulting from lack of supervision, therefore, must have occurred on or prior to that date. The statute of limitations begins to run, as to a tort, on the date of the injury. *Compare Bair v. Bryant,* D.C.Mun.App., 96 A.2d 508, 510 (1953); *Brewster v. Woodward & Lothrop, Inc.,* 174 U.S.App.D.C. 164, 165, 530 F.2d 1016, 1017 (1976) (tort action accrues on date of injury) *with Baker & Bro. v. Ramsburg's Sons,* 15 D.C. (4 Mackey) 1 (1885) (right of action upon note accrues on day after note was due). Appellant's claims under this count, therefore, were barred after March 30, 1976, and the judgment of the trial court as to this count must be affirmed.

Finally, Count IV alleges that all defendants breached the lease[5] by permitting unsuitable persons to occupy the premises. Again, it is undisputed that the premises were vacated on March 30, 1973, with the result that any damages arising out of the alleged breach[6] must have occurred on or prior to that date. Like Count III, therefore, Count IV was properly held to be barred by the statute of limitations, and the judgment of the trial court in this respect must be affirmed.

### III

There remains the question of whether appellant's claim against the District under Counts I and II were barred by appellant's failure to have given timely notice of the claims as required by statute. D.C.Code 1973, § 12–309, provides, in relevant part:

An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the [Mayor] of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage.

Appellant argues that his attorney's letter, a copy of which was sent to an Assistant Corporation Counsel (*see Hirshfeld v. District of Columbia,* 103 U.S.App.D.C. 71, 254 F.2d 774 (1958); *Stone v. District of Columbia,* 99 U.S.App.D.C. 32, 237 F.2d 28, *cert. denied,* 352 U.S. 934, 97 S.Ct. 221, 1 L.Ed.2d 160 (1956)), plus his later oral communications with District personnel sufficed to comply with the statutory mandate. The District, on the other hand, argues that the letter was fatally defective because sent before the cause of action arose (*i. e.,* before expiration of the lease), because it did not (with respect to the conversion count) identify any injury except that to "the building," and because it did not identify "the approximate time, . . . cause and circumstances of the injury or damage."

The mandate of § 12–309 was intended by Congress to ensure that "District officials [would be given] reasonable notice of [an] accident so that the facts may be ascertained and, if possible, the claim adjusted." H.R.Rep.No.2010, 72d Cong., 2d Sess. 2 (1933). Absent such notice, claims might be brought within the "statute of limitations but so long after the event that it [would be] impossible for the District of Columbia to obtain evidence for use in litigation which may result." *Id.* at 1. *See also Miller v. Spencer,* D.C.App., 330 A.2d 250, 251 (1974). The appellate cases of this jurisdiction have applied this policy in holding the statute to be applicable to two distinct but related types of claims. First, the statutory requirements must be met where the claim arises out of the tortious

---

5. It does not appear that the trial court ruled upon the motion by the individual defendants to dismiss this count on the grounds that they were not parties to the lease. In view of our disposition, we also find it unnecessary to do so.

6. No specific injury was alleged to flow from this breach, but it may be assumed, for the purposes of this opinion, that appellant was claiming the same injuries alleged in other counts but under a different theory.

conduct of employees of the District, to which the District, as the superior, must respond. Thus, it has been applied to claims alleging false arrest, false imprisonment, assault, and the like, *Jenkins v. District of Columbia,* D.C.App., 379 A.2d 1177 (1977); *Wilson v. District of Columbia,* D.C. App., 338 A.2d 437 (1975); *Brown v. District of Columbia,* D.C.App., 304 A.2d 292 (1973); *Dellums v. District of Columbia,* 184 U.S.App.D.C. 324, 566 F.2d 216 (1977); personal or property injury arising out of automobile collisions, *Miller v. Spencer, supra; Adams v. District of Columbia,* D.C.Mun. App., 122 A.2d 765 (1956); *District of Columbia v. World Fire and Marine Ins. Co.,* D.C.Mun.App., 68 A.2d 222 (1949); medical negligence or malpractice, *Hill v. District of Columbia,* D.C.App., 345 A.2d 867 (1975); *Spann v. Commissioners of the District of Columbia,* 143 U.S.App.D.C. 300, 443 F.2d 715 (1970); *see also District of Columbia v. Morris,* D.C.App., 367 A.2d 571 (1976); and negligent supervision of a parolee, *Rieser v. District of Columbia,* 183 U.S.App.D.C. 375, 563 F.2d 462 (1977). In none of these instances is the District, as a corporate entity, necessarily on notice of the conduct of its employees or the resulting injury. Second, the statute is applicable where the District itself is in breach of a duty but where, although necessarily aware of the breach (*see, e. g., Hackett v. District of Columbia,* D.C.App., 264 A.2d 298 (1970) (requirement of notice of defect)), the District is not necessarily aware of the injury produced by the breach. Such is the case where the District is alleged to have failed properly to maintain areas of public access. *See Toomey v. District of Columbia,* D.C.App., 315 A.2d 565 (1974); *Dixon v. District of Columbia,* D.C.Mun.App., 168 A.2d 905 (1961); *Jones v. District of Columbia,* D.C.Mun. App., 123 A.2d 364 (1956); *Hurd v. District of Columbia,* D.C.Mun.App., 106 A.2d 702 (1954); *Smith v. District of Columbia,* 150 U.S.App.D.C. 126, 463 F.2d 962 (1972); *Curtis v. District of Columbia,* 124 U.S.App. D.C. 241, 363 F.2d 973 (1966); *Hirshfeld v. District of Columbia, supra; Stone v. District of Columbia, supra; District of Colum-*

*bia v. Green,* 96 U.S.App.D.C. 20, 223 F.2d 312 (1955); *McDonald v. District of Columbia,* 95 U.S.App.D.C. 305, 221 F.2d 860 (1955).

■ Count I of the complaint in this case alleges not tortious conduct or an injury arising out of an "accident" (H.R.Rep. No.2010, *supra* at 2) but breach of the contractual duty to restore the leased premises to their original condition. The District is sued not for the conduct of its employees in damaging or structurally altering the premises, but for its own breach in failing to restore the premises. Nor can it be said that the District is without notice of the injury, for even were it without notice that its employees or others damaged or altered the premises, the District took possession of the premises in the condition to which they were to have been restored. Comparison of that condition to the condition of the premises upon expiration of the lease was, in itself, full notice of the injury produced by the District's breach of the lease provision. The District, as lessee, had every opportunity to gather the evidence it might require to defend this claim; the District's evidence in this case, in fact, shows that a District employee inspected the premises prior to vacation and submitted a written report of their condition. That the District might not have done so adequately is not, particularly where it was on notice that appellant intended to prosecute his contractual claims, the type of prejudice to the District against which the statute was designed to protect. We hold that, upon this record, appellant was not required to do more than he did in order to protect his claim under Count I.

■ Under Count II, as discussed in Part II, *supra,* assuming a factual predicate therefor, the District would be liable upon its contract of bailment (or in the case of a fixture removed, upon the lease) for failure to have returned the property. Under the rationale applied in discussion of the claims under Count I, above, we cannot say that

appellant's claim is, to this extent, barred by the statute.[7]

## IV

For the foregoing reasons, the judgment of the trial court is affirmed upon Count I as to the individual defendants and upon Counts III and IV as to all defendants and vacated upon Count I as to the District and Count II as to all defendants; and this case is remanded for further proceedings.

*So ordered.*

7. To the extent that asserted liability is based on a conversion of property by the District's servants by unlawful retention or initial taking upon termination of the lease, we conclude that the claim is barred for failure to give timely notice of the claim under D.C.Code 1973, § 12–309. At the time of the notice—letter of January 31, 1973—the injury had not, to the extent not barred by the statute of limitations, occurred. There was no identification of injury. Although the letter identified the time (expiration of the lease) at which an injury might occur, this is insufficient as notice that an injury had been incurred.