**Samuel POWELL, Plaintiff,**

v.

**DISTRICT OF COLUMBIA, et al., Defendants.**

**Civ. A. No. 86–1340.**

United States District Court, District of Columbia.

Sept. 16, 1986.

---

Daniel J. Slattery, Jr., Washington, D.C., for plaintiff.

Laura Nachowitz, Asst. Corp. Counsel, D.C., Washington, D.C., for defendants.

## MEMORANDUM

GASCH, Senior District Judge.

## I. INTRODUCTION

In this suit, plaintiff requests damages for injuries allegedly received when he was arrested in a "sting" operation last December by U.S. Marshals offering free Redskins tickets. Named as defendants are the District of Columbia, Chief of Police Maurice Turner and arresting officer Steven O'Dell. The complaint alleges that defendants are liable for false arrest and imprisonment, assault and battery, defamation, civil rights violations under Section 1983, intentional infliction of emotional distress and negligence.

Two motions are currently before the Court. The District of Columbia has moved to dismiss or for summary judgment on the ground that plaintiff failed to comply with the mandatory notice requirements of the D.C.Code.[1] Defendant Turner has moved to dismiss the complaint on three grounds: 1) that, as a superior officer, he is not vicariously liable for the torts of his subordinates, 2) that he is immune from suit for his discretionary acts, and 3) that there is no sufficient claim of negligent training and supervision of subordinate police officers. As counsel for plaintiff conceded defendant Turner's motion in open court, that motion is granted by this Court.

---

1. Because defendant's motion is supported by affidavit, it will be treated as a motion for summary judgment. *See* Fed.R.Civ.P. 12(b)(6).

## II. BACKGROUND

Sometime before December 15, 1985, plaintiff Samuel Powell received a letter of invitation to a Sunday brunch at the D.C. Convention Center as well as a free ticket to a Washington Redskins football game. On December 15, 1985, plaintiff arrived at the Convention Center and presented this letter. As the police department detention report indicates, plaintiff was arrested by Officer Steven O'Dell at 10:00 A.M. and was released without charge at approximately 7:00 P.M. After some confusion, police investigation of plaintiff's identity revealed that he was not wanted as originally indicated.

Plaintiff claims that at the time of his arrest, he had committed no crime and no outstanding warrant for his arrest existed. The complaint further alleges that, during the time of arrest and incarceration, Officer O'Dell threatened plaintiff with bodily injury and offensively contacted plaintiff's person, causing physical injury and emotional pain and suffering. Plaintiff additionally claims that he was paraded before local television cameras and generally subjected to ridicule by the police.

Plaintiff recites eight counts against the defendants which include: 1) assault and battery, 2) false arrest and imprisonment, 3) defamation of character and invasion of privacy, 4) deprivation of fourth, fifth and eighth amendment rights in violation of 42 U.S.C. § 1983,[2] 5) negligent supervision and control of subordinate officers in violation of Section 1983, 6) intentional civil rights violations, 7) intentional infliction of emotional distress and 8) negligence. Judgment demanded against the defendants is in the amount of $900,000 compensatory and $900,000 punitive damages. Plaintiff avers that these sums are due as recompense for his loss of income and consortium, incurrence of medical expenses, mental anguish and distress, and damage to his good name and reputation.

---

**2.** Count four of the complaint also lists the right of plaintiff to be free from unnecessary force during arrest as guaranteed by D.C.Code § 14–

## III. DISCUSSION

### A. *District of Columbia's Motion for Dismissal or Summary Judgment*

The District has moved for dismissal or summary judgment on the ground that plaintiff failed to provide adequate and timely notice of his claims as required by D.C.Code § 12–309 (1981). Exhibit "A" attached to the District's motion is a letter dated December 20, 1985, which advised Mayor Marion S. Barry of plaintiff's false arrest claim against the District. The only circumstances described in the letter are that plaintiff was invited to the D.C. Convention Center on December 15, 1985, and thereupon was arrested with a bench warrant. By sworn affidavit, the District claims that this was the only precomplaint correspondence received from plaintiff.

In opposition to the District's motion, plaintiff rests on the grounds that the December 20th letter constituted proper notice under Section 12–309 and that the complaint, filed less than six months after the incident, "expanded" on that notice.

The various issues raised by the District's motion may be divided into three separate inquiries: 1) whether plaintiff's federal tort claims are subject to the notice requirements of the D.C.Code; 2) whether there was sufficient notice to protect plaintiff's non-federal claim of false arrest; and 3) whether there was sufficient notice to protect plaintiff's remaining non-federal claims.

### 1. *D.C.Code § 12–309*

In relevant part, D.C.Code § 12–309 provides:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Commissioner [Mayor] of the District of Columbia of the approxi-

---

176 (1981). Research indicates, however, that this Code citation does not exist.

mate time, place, cause, and circumstances of the injury or damage. A report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under this section.

The District of Columbia Court of Appeals has construed the notice requirements of Section 12–309 strictly, asserting that such notice is a mandatory condition precedent to filing suit against the District. *See Gwinn v. District of Columbia*, 434 A.2d 1376, 1378 (D.C.1981); *Breen v. District of Columbia*, 400 A.2d 1058, 1062 (D.C.1979); *Hill v. District of Columbia*, 345 A.2d 867, 869 (D.C.1975).

■ By enacting Section 12–309, Congress intended that claimants provide an "early warning" to the District of Columbia "to ensure that District officials would be given prompt notice of claims for potentially large sums of money so that they could: quickly investigate before evidence became lost or witnesses unavailable; correct hazardous or potentially hazardous conditions; and settle meritorious claims." *Gwinn*, 434 A.2d at 1376. *See generally* H.R.Rep. No. 2010, 72d Cong., 2d. Sess. (1933) (describing purposes of statute). Thus, despite plaintiff's contentions, the purpose behind Section 12–309 and the subsequent case law indicate that a complaint does not itself satisfy the notice requirements of Section 12–309. There must be sufficient notice *before* the complaint is filed.

### 2. *Plaintiff's Federal Tort Claims*

■ The first inquiry concerns the application of Section 12–309 to plaintiff's alleged deprivation of constitutional rights in violation of Section 1983. This issue has been settled by the decision in *Brown v. United States*, 742 F.2d 1498 (D.C.Cir.1984) (en banc), *cert. denied*, 471 U.S. 1073, 105 S.Ct. 2153, 85 L.Ed.2d 509 (1985). In *Brown*, the court of appeals overruled a panel decision in *McClam v. Barry*, 697 F.2d 366 (D.C.Cir.1983), which had held that Section 12–309 applied to federal damages claims against the District. The *Brown* court held that noncompliance with the notice requirements of Section 12–309 cannot bar federal claims against the District, whether those claims are brought under Section 1983, as in the instant case, or in a *Bivens*-type action. *Brown*, 742 F.2d at 1500 n. 2, 1509–10.

Therefore, an application of the *Brown* ruling preserves plaintiff's federal claims against the District in the case at hand.

### 3. *Plaintiff's Non-federal Claim of False Arrest*

■ The second issue of concern in this motion is whether plaintiff afforded sufficient notice to preserve his claim of false arrest. As this claim is a common law tort, the *Brown* decision is inapposite. Under the evidence submitted, the two items for review to determine the adequacy of notice are plaintiff's letter of December 20, 1985, and the Police Department's arrest report.

The D.C. Court of Appeals has developed a two-part test in determining the adequacy of notice under Section 12–309. This test requires that "the written notice or police report must disclose *both* the factual cause of the injury and a reasonable basis for anticipating legal action as a consequence." *Washington v. District of Columbia*, 429 A.2d 1362, 1366 (D.C.1981) (emphasis added). *See also Pitts v. District of Columbia*, 391 A.2d 803, 808–09 (D.C.1978) (notice under § 12–309 must recite facts from which it could be reasonably anticipated that a legal claim could arise); *Brown v. District of Columbia*, 304 A.2d 292, 293 (D.C.1973) (police report insufficient notice under § 12–309 for it failed to disclose injury claimed for false arrest and imprisonment).

In the case at hand, plaintiff's letter notified the District of his false arrest claim but failed to reveal the "factual cause of the injury" he suffered. Although the complaint alleges that as a result of false arrest plaintiff suffered from "threats of force, actual force and brutality," plaintiff's letter of December 20, 1985, makes no mention of the circumstances of these injuries. The letter failed to characterize plaintiff's injuries or describe the injuring

events. *See Washington,* 429 A.2d at 1366; *Brown v. District of Columbia,* 304 A.2d at 293; *see also Dellums v. Powell,* 566 F.2d 216, 228 (D.C.Cir.1977) (plaintiff's letter was sufficient notice under § 12–309 for a false imprisonment claim where it included substantial information on the cause and nature of injuries suffered), *cert. denied,* 438 U.S. 916, 98 S.Ct. 3147, 57 L.Ed.2d 1161 (1978).

Nor does the police arrest report offer notice of any injuries plaintiff may have incurred because of his arrest. As with other written notice, police reports will satisfy the requirements of Section 12–309 "only if they actually notify the District of Columbia of the injury claimed." *Jenkins v. District of Columbia,* 379 A.2d 1177, 1178 (D.C.1977). In *Jenkins,* the court held that the police arrest record, coupled with a criminal trial and acquittal, did not furnish the District with specific notice of alleged injuries from a false arrest. *Id. See Brown v. District of Columbia,* 304 A.2d at 293 (police report on arrest for dangerous weapon failed to disclose any injury to arrestee and, thus, was inadequate notice of claim under § 12–309).

In light of the above, the Court grants the District's motion to dismiss with regard to the false arrest claim in count two of the complaint.

#### 4. *Plaintiff's Remaining Non-federal Claims*

The remaining common law claims plaintiff raises against the District are assault and battery, defamation and invasion of privacy, intentional infliction of emotional distress and negligence. For the reasons discussed above, the Court finds that neither the December 20th letter nor the police arrest report suffices as adequate notice to the District of these common law tort claims.

### IV. SUMMARY

The Court grants summary judgment for the District on plaintiff's common law claims found in Counts one, two, three, seven and eight. Because of the *Brown v.*

*United States* opinion, plaintiff's federal tort claims are preserved from the notice requirements of D.C.Code § 12–309. Therefore, defendant's motion for summary judgment is denied for those federal claims included in counts four, five and six. Defendant Turner's motion to dismiss is granted as conceded by plaintiff.