**Murelena STACKHOUSE, Appellant,**

v.

**Mark M. SCHNEIDER and Ebbitt Green Electronics, Inc., Appellees.**

No. 88–163.

District of Columbia Court of Appeals.

Argued Feb. 15, 1989.
Decided May 26, 1989.

Frederic W. Schwartz, Jr. with whom Robert Cadeaux, Washington, D.C., was on brief, for appellant.

Bruce F. Robertson, Alexandria, Va., for appellees.

Before MACK, NEWMAN and SCHWELB, Associate Judges.

MACK, Associate Judge:

This appeal presents the narrow issue of when the statute of limitations for bringing an action under the Compulsory No–Fault Motor Vehicle Insurance Act of 1982, D.C. Code § 35–2101 *et seq.* (1985 Supp.) [1] begins to run. All parties agree that the general Code provision [2] would prohibit an action "for which a limitation is not otherwise specifically prescribed" from being brought after three years from the time the right to maintain the action accrues. We reject appellees' contention that the action in this case accrued at the time of injury. We hold that the statute of limitations began to run when the injured party qualified under one of the six exceptions of § 35–2105 to maintain an action under the No–Fault Act.

I.

On June 1, 1984, Mr. Schneider, operating a motor vehicle owned by his employer, Ebbitt Green Electronics, Inc., allegedly collided with a motor vehicle owned and operated by Ms. Stackhouse. As a result, Ms. Stackhouse sustained injuries to her neck and back. However, at the time of the accident and for nearly two years thereafter, she failed to qualify under any of the six exceptions of the No–Fault Act which would have permitted her to bring an action for non-economic losses. It was not until approximately May 19, 1986 that Ms. Stackhouse satisfied one of the § 35–2105 exceptions when her medical expenses exceeded $5,000 for the first time.[3]

1. The 1982 No–Fault Act has been substantially repealed through amendment as of March 4, 1986. It is, therefore, conceivable that this issue is unlikely to surface to affect more than a few would-be litigants.

2. *See* D.C.Code § 12–301(8) (1981).

3. The other exceptions to the statutory bar against maintaining a civil action under § 35–2105 are as follows: 1) where the victim's medical and rehabilitation expenses and work loss exceed the personal injury protection bene-

fits; 2) where loss is sustained as a result of the victim's death; 3) where a motor vehicle is used with the intent to injure someone; 4) where a victim is permanently scarred or disfigured, permanently impaired of his ability to perform routine activities, or temporarily impaired for more than 180 days of all his ability to perform routine activities; or 5) where the owner of an uninsured motor vehicle is involved. D.C.Code § 35–2105(b)(1)–(b)(5) (1985 Supp.).

On June 30, 1987, more than three years after the accident but within three years of qualifying under the exception permitting her to maintain an action, Ms. Stackhouse filed a complaint.

Ebbitt Green Electronics, Inc. moved to dismiss the action, asserting that the three-year statute of limitations applicable to such actions had expired. *See* D.C.Code § 12–301(8) (1981). Ms. Stackhouse responded by asserting that she was not entitled to maintain the action before May 19, 1986 when her medical expenses first exceeded $5,000, and therefore the limitations period was appropriately calculated from that date, rather than the date of injury. The trial court rejected Ms. Stackhouse's argument and granted the motion to dismiss. We disagree and reverse the trial court's order.

## II.

D.C.Code § 12–301(8) is the applicable statute of limitations, which reads as follows:

> Except as otherwise specifically provided by law, actions for the following purposes may not be brought after the expiration of the period specified below *from the time the right to maintain the action accrues:*
>
> \* \* \* \* \* \*
>
> (8) for which a limitation is not otherwise specially prescribed—3 years.

Emphasis added. The general rule in this jurisdiction is that the statute of limitations for personal injury actions begins to run on the date of injury. *See Shehyn v. District of Columbia,* 392 A.2d 1008, 1013 (D.C. 1978). In the vast majority of cases, this is true because the date of injury is also the date on which a plaintiff can first maintain an action. However, it does not follow that in every case it is the date of injury that triggers the running of the statute of limitations.

A well-established exception to the date-of-injury standard is the discovery rule, which tolls the statute of limitations during the time in which an injury could not reasonably have been discovered. *See, e.g., Knight v. Furlow,* 553 A.2d 1232, 1234

(D.C.1989); *Bussineau v. President and Directors of Georgetown College,* 518 A.2d 423 (D.C.1986); *Ehrenhaft v. Malcolm Price, Inc.,* 483 A.2d 1192 (D.C.1984). The discovery rule emerged to "redress situations in which the fact of injury was not readily apparent and indeed might not become apparent for several years after the incident causing injury had occurred." *Ehrenhaft, supra,* 483 A.2d at 1201. A disability of a plaintiff, *i.e.* minority, lack of mental capacity, or imprisonment, also tolls the statute of limitations. D.C.Code § 12–302 (1981); *see, e.g., District of Columbia ex rel. W.J.D. v. E.M.,* 467 A.2d 457, 464 (D.C.1983); *McClam v. Barry,* 225 U.S.App.D.C. 124, 129, 697 F.2d 366, 371 (1983). In either case, these exceptions to the date-of-injury standard, by tolling the statute of limitations, permit a plaintiff to maintain an action from which he otherwise would have been precluded.

Against this backdrop, we review the provisions of the 1982 No–Fault Act. The Act drastically changed the circumstances under which a person could maintain an action for personal injury resulting from an automobile accident. *See Monroe v. Foreman,* 540 A.2d 736, 738 (D.C.1988); *Johnson v. Collins,* 516 A.2d 196, 198 (D.C. 1986); *Dimond v. District of Columbia,* 253 U.S.App.D.C. 111, 121–22, 792 F.2d 179, 189–90 (1986). The Act provided:

> (a) Restriction.—Except as provided in subsection (b) of this section, no person may maintain a civil action based on liability against any other person, with respect to an injury as to which personal injury protection benefits are payable under this chapter.
>
> (b) Exceptions to restriction.—The provisions of subsection (a) of this section do not apply if:
>
> \* \* \* \* \* \*
>
> (6) A person may be liable for any noneconomic loss if medical expenses of a victim or his or her survivors exceed $5,000, inclusive of diagnostic x-ray costs.

D.C.Code § 35–2105 (1985 Supp.). Thus in an effort to preclude suit in motor vehicle

cases where an injury was not serious,[4] the Act provided that the right to maintain an action could not accrue unless and until the injured party's medical expenses exceeded $5,000 or one of the other exceptions had been met. To find that the statute of limitations begins to run from the date of the accident, even though the injured party has failed to qualify under one of the exceptions permitting her to maintain an action, would preclude a class of individuals from maintaining an action, contrary to the D.C. Council's clear intention of providing a civil cause of action to such class.[5] As counsel for appellant has aptly noted, "[p]ermitting a statute of limitation to run before the plaintiff has the right to file suit defies logic."[6] Appellant's Reply Brief at 5. Therefore, the statute of limitations should be tolled until the plaintiff knows, or, exercising reasonable diligence, should know that her medical expenses exceed the threshold amount.[7] *See Bond v. Gallen,* 503 Pa. 286, 469 A.2d 556 (1983) (adopting a similar standard under Pennsylvania's No–Fault Act).

We hold that the three year statute of limitations for maintaining an action under the 1982 No–Fault Act does not begin to run until the injured party qualifies under one of the six exceptions of § 35–2105.[8]

We therefore reverse the trial court order and remand the case to the trial court for further proceedings consistent with this opinion.

---

4. *See Dimond, supra,* 253 U.S.App.D.C. at 117–19, 792 F.2d at 185–87.

5. Appellees assert that adoption of this position would lead to a situation in which suits could be brought into the indefinite future, as accident victims gradually accumulated $5,000 worth of medical expenses. As a consequence, the defendant would never benefit from the repose with which the statute of limitations was designed to provide them. This argument could just as easily be made against the "discovery rule." However, as this court stated in that context, "[i]f there is a perceived need in this jurisdiction to set a determined outer time limit to the discovery rule, the proper way to do so is by a statute of repose." *Bussineau, supra,* 518 A.2d at 436. The same is true in this situation.

6. Conversely, we do not see a serious potential for prejudice to a defendant or its insurance company. All have notice of the injury and the possibility of extensions of time.

7. The "know or reasonably should know" standard is consistent with that used in our discovery rule cases, *see Bussineau, supra,* 518 A.2d at 426; *Ehrenhaft, supra,* 483 A.2d at 1201, and finds sensible application here. This standard allows for situations such as where medical bills exceed the expense reasonably anticipated at the time of treatment. In such a case, although expenses incurred may have technically exceeded the threshold amount at the time of treatment, the limitation period would not begin to run until the plaintiff should reasonably have known of the expense—*i.e.,* upon receipt of the bill.

8. D.C.Code § 12–304 further supports this result by providing that "[w]hen the bringing of an action is stayed ... *by statutory prohibition,* the time of the stay may not be computed as a part of the period within which the action must be brought" (emphasis added).