Marcus JAMESON, Appellant,

v.

Ralph KING, Appellee.

Nos. 88–1188 and 88–1570.

District of Columbia Court of Appeals.

Submitted Jan. 24, 1990.
Decided March 12, 1990.

J.E. Wingfield, Washington, D.C., and Mark B. Gore, Vienna, Va., were on the brief for appellant.

Nicholas S. Nunzio, Jr., Washington, D.C., was on the brief for appellee.

Before STEADMAN and FARRELL, Associate Judges, and KERN, Senior Judge.

---

PER CURIAM:

In 1988, appellant filed in the trial court a complaint for personal injuries seeking damages arising from an auto accident in 1985, allegedly caused by appellee's negligence. Appellee filed an answer denying any negligence and raising a number of defenses, including the defense of the statute of limitations.

Appellee moved for summary judgment on the ground that the complaint was time-barred. He filed a Statement of Material Facts as to Which There Exists No Genuine Issue, asserting that the auto accident allegedly causing appellant's personal injuries had occurred on May 22, 1985, and that appellant had filed his complaint for recovery of damages from such accident on June 3, 1988, over three years after the accident. In his Memorandum of Points and Authorities, appellee cited to the general statute of limitations for actions in this jurisdiction, which is three years from the time the right to bring the action accrues. *See* D.C. Code § 12–301(8) (1989 Repl.).

Appellant opposed appellee's Motion for Summary Judgment, asserting that because he filed the action under the Compulsory/No–Fault Motor Vehicle Insurance Act of 1982 ("1982 Act"), D.C.Law 4–155, 29 D.C.Reg. 3491 *et seq.*, his cause of action did not accrue until he became eligible to file suit pursuant to the 1982 Act. Appellant maintained that, because the 1982 Act allowed suits for non-economic losses only if the potential plaintiff had incurred $5,000 in medical expenses, D.C.Law 4–155, 29 D.C.Reg. 3500–01, his cause of action "did not accure [*sic*] until he exceeded the $5,000.00 threshold of medical payments." [1]

In August 1988, the trial court granted appellee's motion for summary judgment, concluding in its Order that "there is no genuine issue of material fact and that the defendant [appellee] is entitled to judgment as a matter of law ... due to the expiration of the statute of limitations...." *See Sturdivant v. Seaboard Serv. Sys.*, 459 A.2d 1058 (D.C.1983).[2] The court's order, however, was issued without the benefit of our 1989 decision in *Stackhouse v. Schneider*, 559 A.2d 306 (D.C.1989), in which we defined the proper measure of the statute of limitations in cases brought under the 1982 Act. In *Stackhouse*, we concluded:

> We reject [the] contention that the action in this case [brought under the 1982 Act] accrued at the time of injury. We hold that the statute of limitations began to run when the injured party qualified under one of the six exceptions of § 35–2105 to maintain an action under the No–Fault Act.

*Id.* at 306. Accordingly, we are required on this appeal to reverse the order in the instant case granting appellee's motion for summary judgment because the moving party was not entitled to a judgment as a matter of law. *See Young v. Sherwin–Williams Co.*, 569 A.2d 1173 (D.C.1990).

Appellee argues, however, that appellant did not "proffer any facts, evidence or affidavits" to support his opposition to the summary judgment motion. Appellant was not required to counter the factual assertions in appellee's motion, however, because appellee did not meet his burden of demonstrating that he was entitled to judgment as a matter of law. In light of appellant's opposition correctly asserting that the applicable law was as we subsequently held in *Stackhouse, supra*, 559 A.2d at 306, and that the action had thus been timely filed within three years of its accrual, appellee's allegation that the accident occurred more than three years before this suit was filed pursuant to the 1982 Act could not be dispositive of the issue of whether the action was time-barred. Thus, the trial court was required, pursuant to our decision in *Stackhouse*, to deny the

**1.** Although appellant brought this case after the passage of the 1986 amendments to the 1982 Act, which abolished the $5,000 threshold, the accident occurred before the passage of these amendments. Thus, the 1982 Act as it read prior to amendment governs this action. *See*

*Dimond v. District of Columbia*, 253 U.S.App. D.C. 111, 117, 792 F.2d 179, 185 (1986).

**2.** The trial court denied a subsequent motion by appellant to reconsider its order granting appellee summary judgment.

motion. Accordingly, we reverse the judgment summarily entered in favor of appellee.

*So ordered.*