In the Matter of W. Edward
THOMPSON, Appellant.

No. 81–561.

District of Columbia Court of Appeals.

Submitted May 14, 1982.

Decided July 8, 1982.

W. Edward Thompson pro se.

Judith W. Rogers, Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and Leo N. Gorman, Asst. Corp. Counsel, Washington, D.C., were on the brief for appellee.

Before NEWMAN, Chief Judge, and KELLY and PRYOR, Associate Judges.

NEWMAN, Chief Judge:

Appellant was held in summary contempt for disobeying a court order to remain in the courtroom. Since the record does not support the requisite finding of willfulness, we must reverse the conviction.

On May 14 and 15, 1981, trial was held in the case of *District of Columbia v. Sloane*, T 1866–81. Mr. Sloane was represented by appellant. On May 15 after the jury retired to deliberate, appellant, with the court's permission, left Judge Murphy's courtroom to check on other cases scheduled for proceedings that day in other courtrooms. According to appellant, the clerk in Judge Murphy's courtroom was informed of his whereabouts. In his absence, the jury sent a note to the court asking to inspect medication about which Mr. Sloane had testified. When appellant returned to Judge Murphy's courtroom, the following colloquy ensued:

THE COURT: Mr. Thompson, we have a note. We have been waiting 20 minutes trying to locate you. You will have to remain in the courtroom. I won't wait 20 minutes when lawyers disappear.

.    .    .    .    .

MR. THOMPSON: ... Your Honor, I have a preliminary hearing and two trials scheduled.

THE COURT: But I can't have jurors waiting 20 minutes. You are in trial before me, so you just stay where we know where you are.

MR. THOMPSON: I'll stay right here.

THE COURT: You can use the phone to call the other courts.

In accord with the court's instructions, appellant used the courtroom telephone to inform the clerks in other courtrooms that, by virtue of a court order, he would be unable to appear in those courts until after a verdict was reached in the *Sloane* case.

The jury was sent out again. When it returned to the jury box a short time later, appellant was waiting in the hall just outside the door of Judge Murphy's courtroom. There was about a five minute delay until appellant reentered the room and the jury delivered its verdict. The jury was then excused and the court informed appellant that he was held in contempt of court for violating the court's order to remain in the courtroom. Appellant explained that he believed he had been in compliance with the court's order by remaining just outside the door, where he could be summoned immediately when the jury was ready to render its verdict.

On May 18, the court issued a written order pursuant to Super.Ct.Cr.R. 42(a), holding appellant in summary contempt and sentencing him to five days in jail or a fine of $250.

■ Failure of counsel to be present in court at such times as the court requires constitutes a breach of professional duty that is frequently disruptive of the judicial process. *In re Siracusa,* D.C.App., 445 A.2d 663 (1982); *In re Denney,* D.C.App., 377 A.2d 1360, 1363 (1977). Accordingly, such behavior is often punishable by criminal contempt. However, simple noncompliance with a court order is an insufficient justification for that sanction. As we said in *Siracusa,* "such an adjudication must be based on a finding, adequately supported by evidence of record, that the failure to appear timely was the result of willful, deliberate or reckless disregard of professional obligations." *In re Siracusa, supra* at 666.

■ Appellant contends that his construction of Judge Murphy's order as being to stay in the general environs of the courtroom was a reasonable one and in any event not so unreasonable as to sustain a finding of willful, deliberate or reckless disobedience of the court's direction. We agree. *See In re Denney, supra; Sykes v. United States,* 144 U.S.App.D.C. 53, 444 F.2d 928 (1971). It is evident from the facts that appellant refrained from leaving to check on his other cases, informed the clerks in other courtrooms of that fact, and remained

at the courtroom door, that appellant was not engaged in an effort to circumvent the court's order or show disrespect for the court. The court erred in finding to the contrary.

*Reversed.*