**In re Lawrence D. JAMISON, Respondent.**

**No. M–109–82.**

District of Columbia Court of Appeals.

Submitted May 4, 1983.

Decided June 6, 1983.

Fred Grabowsky, Washington, D.C., Bar Counsel, for Bd. on Professional Responsibility (of the District of Columbia Court of Appeals).

No appearance was entered for respondent.

Before KERN and FERREN, Associate Judges, and YEAGLEY, Associate Judge, Retired.

PER CURIAM:

In this disciplinary proceeding, Lawrence D. Jamison, respondent, was charged with violations of several disciplinary rules. The Board on Professional Responsibility (hereinafter the Board) concurred with the Hearing Committee's findings of fact and concluded that respondent violated the same rules in two separate cases, specifically DR–6–101(A)(3) by neglecting legal matters entrusted to him, and DR–7–101(A)(1) by failing to carry out contracts of employment. Respondent objected to the imposition of any sanction on the grounds, *inter alia,*[1]

---

1. Respondent also contends that he was denied due process because of the lengthy delay between the filing of the petitions against him

and the hearing. The petitions were filed in July 1979. The original hearing was scheduled for December 1979, but was postponed and did

that (1) he did not neglect any legal matters because there were no explicit agreements or contracts of employment with the clients, and (2) there was insufficient evidence to support the charges. After reviewing the record, we reject respondent's contentions and adopt the recommendation of the Board.

The first disciplinary matter involved a client, Valerie Brandon, who asked respondent to represent her in two cases of medical malpractice. In the first case it was mutually agreed that the matter be dropped. In the second, Ms. Brandon, according to respondent's instructions, arranged for various medical records to be sent to his office. She believed that he had initiated a suit on her behalf. Respondent asserted that he had no obligation to proceed until he was in receipt of a doctor's statement that malpractice had occurred, but that Ms. Brandon had not produced such evidence. The record of the hearing indicated that respondent had requested the records from the doctor and that the doctor's office had sent them. Respondent denies receiving them. The Board concluded that:

> [W]e are inclined to believe that the records reached him but that he unaccountably failed to examine them and that they were lost. Whatever the explanation, no action was taken for many months, and the case appears erroneously to have been closed....

[Report and Recommendation of the Board at p. 5.]

Although the Board failed to find as a fact that Dr. Sandler's records reached respondent, it apparently relied on its finding that "whatever the explanation, no action was taken for many months, and the case appears, erroneously, to have been closed."

Even if we accept respondent's recollection that he never personally received these records, we must fault him for not maintaining a system which would have notified him of his failure to receive them, so that he could make a second request. As a result the case was lost for many months and respondent never filed the suit. It was only revived because Ms. Brandon called respondent, inquiring as to its status when she learned that the first doctor had died. Respondent unfortunately assured her that it was progressing.

There is substantial evidence to support the Board's findings and we agree with its conclusion that this conduct constitutes neglect of a legal matter in violation of DR–6–101(A)(3) and failure to carry out a contract of employment in violation of DR–7–101(A)(1).

The second disciplinary matter concerned a client, Bennie Covington, who retained respondent to represent him in connection with a series of legal problems arising from Mr. Covington's purchase of a new home. Mr. Covington contended that the construction was defective and withheld payment of a promissory note and the accrued interest due to the seller. Respondent advised him to pay the note. Covington gave respondent a check for the principal, but not for the interest. Respondent held the check for more than six weeks and then forwarded the check in full satisfaction of the note which was neither returned nor cashed. He was told that the terms were unacceptable because the interest had not been paid. Jamison did not seek return of the note and made no further effort to negotiate. Nothing was done for months until the seller filed suit against Covington to recover the principal and the interest. Respondent failed to arrive in court in time for the hearing on the seller's motion for a summa-

not take place until September and October 1980. Although we do not wish to be understood to be condoning such delays, we conclude that respondent was not prejudiced by the delay in this instance. Additionally, although it was Bar Counsel who was responsible for not rescheduling the hearing sooner, it

was respondent himself who requested the postponement of the December hearing.

We find respondent's other contentions relating to the joinder of unrelated charges and interference with his obtaining counsel to be without merit.

ry judgment. By the time he arrived, the court had already ruled against Covington, but indicated that it would entertain a motion to reconsider. Respondent filed a motion with co-counsel to reconsider 48 days later. However, a writ of *fieri facias* had been lodged against the house and the issue became moot when Covington paid the note in full with interest. Respondent defended his actions by asserting that he had not been retained to handle the litigation matter.[2]

There is ample evidence to support the Board's findings that respondent neglected a legal matter entrusted to him in several respects and failed to carry out a contract of employment in violation of DR–7–101(A)(1) and DR–6–101(A)(3). Clearly, respondent represented Covington in this litigation. His name was on the pleadings and he arrived for the hearing, albeit late. Just as clearly, he neglected the matter and failed to further his client's interests by failing to appear at the hearing, failing to seek a stay of the court's judgment, and by failing to timely file a motion to reconsider.

Our standard on review is prescribed in D.C.Bar R. XI, § 7(3), which provides in pertinent part:

> [T]he Court shall accept the findings of fact made by the Board unless they are unsupported by substantial evidence of record, and shall adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or otherwise would be unwarranted.

As indicated above, we conclude that the findings of fact are supported by substantial evidence in the record. We also find that the recommended disposition of the Board is consistent with sanctions given for comparable conduct.[3]

---

**2.** The seller filed suit in Maryland. Respondent, who is not a member of the Maryland bar secured local counsel to assist him with the litigation.

**3.** *See In re Dwyer,* DP–16–75, 399 A.2d 1 (D.C. App.1979) (respondent suspended for three months for inadequate preparation and neglect

Accordingly, it is

ORDERED that the recommendation of the Board is adopted and respondent is suspended from the practice of law for a period of three months, effective thirty days from the date of this decision.

*So Ordered.*

of two civil matters and commingling of funds); *In re Schattman,* M–63–81, Memorandum Opinion and Judgment, June 2, 1981 (respondent suspended for three months for failure to settle disputed claim with former client in a timely manner after promising to do so, and failure to cooperate with Bar Counsel).