In re W. Edward THOMPSON, A Member of the Bar of the District of Columbia Court of Appeals.

No. 83–840.

District of Columbia Court of Appeals.

Argued April 11, 1984.

Decided July 6, 1984.

W. Edward Thompson, pro se.

Michael Frisch, Asst. Bar Counsel, Washington, D.C., with whom Thomas H. Henderson, Jr., Bar Counsel and Wallace E. Shipp, Jr., Acting Deputy Bar Counsel, Washington, D.C., were on the brief, for petitioner.

Before NEBEKER and FERREN, Associate Judges, and PAIR, Associate Judge, Retired.

PAIR, Associate Judge, Retired:

In this disciplinary proceeding, the Board on Professional Responsibility found that respondent, a member of the District of Columbia Bar, engaged in conduct prejudicial to the administration of justice in violation of DR 1–102(A)(5) on three separate occasions.[1] The Board also found that

---

1. Respondent was charged with engaging in conduct prejudicial to the administration of justice on five different occasions, and the Board found that two of the charges should be dismissed. Of the charges found to be groundless, the first arose out of representation provided by respondent in a criminal jury trial before the Superior Court in September 1979. Respondent's client, a farmer, had come to the District of Columbia in 1979 apparently to protest the level of governmental subsidization of agricul-

ture in the country. He was charged with assault with a deadly weapon, the weapon being a tractor that he had driven while in the District. After a ruling by the trial judge that references to the political and economic reasons for the farmer's actions were irrelevant to the issues in the trial, respondent nevertheless asked questions of his client during direct examination that pertained to those considerations. He again strayed into the forbidden area during

respondent violated DR 6–101(A)(3) by neglecting a legal matter entrusted to him. Based upon these findings, which were consistent with those made by the Hearing Committee, the Board recommended that respondent be censured for his actions. Respondent contends that the recommended sanction is unreasonably harsh. We do not agree and therefore adopt the Board's recommendation.

I

The charges of misconduct against respondent arose out of his representation in three different cases. In the first case, a criminal proceeding in the Superior Court, respondent twice failed to appear at his client's probation revocation hearings. On February 6, 1981, after conferring with respondent, the trial court scheduled a probation revocation hearing for Friday, February 13, 1981. According to the Board's findings, on February 9, 1981, an employee of respondent scheduled a hearing for respondent before the Equal Employment Opportunity Commission for February 13, 1981. Despite the conflict, respondent failed to inform the Superior Court until the morning of February 13 that he would be unable to attend the revocation hearing.

The revocation hearing was rescheduled for February 20 because of respondent's failure to appear. Respondent, however, then failed to appear at the rescheduled hearing. His explanation that he lost his appointment book was rejected by the Board. The Hearing Committee's findings that respondent's failures to appear in this matter constituted conduct prejudicial to

the administration of justice and neglect of a legal matter entrusted to him were accepted by the Board.

The second case from which a charge of misconduct arose also concerned respondent's failure to appear because of a scheduling conflict. While serving as counsel for a defendant in a criminal case in September 1981, respondent set a trial date in the Circuit Court of Arlington County for November 30, 1981. On November 23, 1981, respondent began a trial in the United States District Court of the District of Columbia that did not end until December 2, 1981. It was not until Friday, November 27 that he attempted to inform the Arlington court that he could not appear on November 30 because of the conflict. While noting that respondent could have easily avoided the conflict or brought it to the attention of the Arlington court in a timely manner, the Board accepted the Hearing Committee's finding that his failure to appear was conduct prejudicial to the administration of justice.

The final charge of misconduct concerned respondent's failure to appear in Superior Court for a status hearing in a civil case. See 454 A.2d 1322. The hearing was scheduled for July 15, 1981, but respondent was taking a deposition on that day and asked another attorney to substitute for him at the hearing. His colleague, however, failed to appear, and respondent was adjudged in contempt of court. The Board found substantial evidence in the record to support the Hearing Committee's finding that respondent should not have assumed that his colleague would appear at

---

closing argument. As a result, the trial judge twice held respondent in contempt. See 454 A.2d 1324. The Board, finding that respondent had engaged in isolated instances of evidentiary transgressions rather than a prolonged pattern of trial behavior, recommended that judicial contempt proceedings were a sufficient sanction. We agree with the Board's disposition and hold that respondent's conduct in this instance did not rise to the level of being prejudicial to the administration of justice.

The second charge that the Board found should be dismissed also concerned conduct en-

gaged in while respondent was serving as defense counsel in a criminal trial. In that case, respondent was held in contempt for violating the trial judge's order to remain in the courtroom during jury deliberations. The contempt conviction was subsequently reversed by this court. See 448 A.2d 247. The Board recommended dismissal of the charge due to the lack of evidence that respondent violated the trial judge's order. We agree with the Board's disposition of this charge.

the status hearing and therefore adopted the Committee's finding that respondent's conduct was prejudicial to the administration of justice.

In recommending that respondent be censured for his conduct, the Board noted that his "repeated disregard of his obligation to be in court has caused a great deal of disruption in the judicial system." Respondent challenges this sanction, arguing that all of his nonappearances were due to circumstances beyond his control and were not the result of deliberate misconduct. He also alleges that his clients were not prejudiced by his nonappearances.

## II

Our review of the Board's report is limited to whether the findings of fact are supported by substantial evidence in the record, and we are to adopt the Board's recommended disposition "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or otherwise would be unwarranted." D.C. Bar.R. XI, Sec. 7(3); *In re Alexander,* 466 A.2d 447, 448 (D.C.1983); *In re Smith,* 403 A.2d 296, 303 (D.C.1979). With regard to respondent's failure to appear at his client's probation revocation hearings on February 13 and February 20, 1981, the record indicates that although a scheduling conflict arose on February 9, respondent took no action to resolve it until the morning of February 13. As a result, the hearing had to be rescheduled. It is also apparent from the record that the sole reason offered to explain respondent's failure to appear at the rescheduled hearing was that he had misplaced his appointment book. Based upon credibility findings made by the Hearing Committee and adopted by the Board, the Board rejected respondent's explanation. We conclude that this finding

and the findings that respondent's nonappearances constituted conduct prejudicial to the administration of justice and neglect of a legal matter entrusted to him are supported by substantial evidence.

█ As to respondent's failure to appear for trial in Arlington Circuit Court on November 30, 1981, the record indicates that the criminal trial that he was litigating in the United States District Court for the District of Columbia was continued on November 25 until November 30. Despite the conflict that the continuance created, respondent did not attempt to notify the Arlington court until the evening of Friday, November 27 that he would be unable to appear in that court on November 30. There is nothing in the record to explain why respondent failed to inform the Arlington court of the possibility of a scheduling conflict when the trial began in the District of Columbia on November 23 or of the actual conflict that arose when that trial was rescheduled. Moreover, the record indicates that respondent had not spoken with his client since September and was unprepared for trial and yet still did not attempt to notify the court of his inability to appear until the eve of the trial. Given this record, we conclude that there is substantial evidence to support the Board's finding that respondent's conduct was prejudicial to the administration of justice.

Respondent notes that the Virginia State Bar declined to initiate disciplinary action against him for his failure to appear before the Arlington Circuit Court.[2] We are persuaded, however, that in disciplinary matters, it is appropriate for both the Board and this court to consider conduct of attorneys that occurred outside of the District of Columbia, even where the other jurisdiction has declined to make that conduct the subject of a disciplinary proceeding.[3] This

---

**2.** When the Virginia Bar decided not to bring disciplinary action, it lacked the record of respondent's misconduct in the courts of this jurisdiction. The decision of the District of Columbia Board to pursue the Virginia misconduct was of course made with the benefit of that record.

**3.** Respondent declined the opportunity to submit a post-argument memorandum on this issue.

conclusion is supported by the fundamental premise that "[t]he purpose of a disciplinary proceeding is to question the continued fitness of a lawyer to practice" the profession. *In re Kleindienst,* 345 A.2d 146, 147 (D.C.1975) (citations omitted). In making these delicate inquiries that are essential to the preservation of integrity within our profession, it is only logical that the Board and this court should evaluate all circumstances of conduct that shed light on an attorney's fitness to practice. An attorney's conduct before foreign tribunals is certainly as reflective of his or her fitness to practice as conduct occurring in our courts. Thus, for purposes of disciplinary proceedings in the District of Columbia, we find it appropriate to consider not only criminal and disciplinary adjudications from other jurisdictions, but also proved but unadjudicated conduct that occurred in foreign tribunals.

Turning to the final occasion on which respondent failed to appear, the record demonstrates that he did request a colleague to appear for him at the status hearing of July 15, 1981, because he was engaged in taking a deposition. It is also evident from the record, however, that five months earlier, the same colleague had assured respondent that he would stand in for him at a hearing and then failed to appear. Based upon this prior occurrence, the Board concluded that respondent was not justified in relying on his colleague and should have foreseen that he would not attend the status hearing. In addition, it is clear that respondent freely chose to attend the deposition instead of the status hearing before the court. In view of these facts, we conclude that there is substantial evidence to support the Board's finding that respondent's conduct was prejudicial to the administration of justice.[4]

In recommending the sanction of censure, the Board cited to respondent's four failures to appear in court as evidence of a continuing pattern of disregard for his obligations to the court and for the need to conserve judicial resources. The Board also noted as further evidence of a continuing pattern of conduct that in March 1979, appellant was informally admonished for untimeliness in making a court appearance. Thus, censure was recommended as a satisfactory sanction because respondent has admitted that he erred and has provided assurance that he will not commit any further transgressions of this nature.

■■■■ Our review of recommended sanctions is to be done with deference to the Board's "sense of equity" and with a view toward treating comparable misconduct in a consistent manner. *In re Smith, supra,* 403 A.2d at 303. We see no reason to upset the Board's balance of the equities presented in this case, and our review of cases involving comparable conduct indicates the sanction of censure is appropriate.[5] Respondent argues that his clients were not prejudiced by his misconduct. Even if we accepted this contention as true, we would not be persuaded that it warrants moderating the sanction. The significance

---

4. We adopt the Board's recommendation that the charge of neglecting a legal matter associated with this count be dismissed.

5. A review of punishments imposed for comparable conduct undermines respondent's contention that the sanction of censure is inappropriately harsh. *See In re Alexander, supra,* 466 A.2d at 447 (respondent with three prior informal admonitions suspended for three months for failing to appear at trial and for having an unprepared associate substitute for him at a probation revocation hearing); *In re Jamison,* 462 A.2d 440 (D.C.1983) (respondent with three prior admonitions suspended for three months for neglecting a case and failing to carry out a contract of employment with his client); *In re Banks,* 461 A.2d 1038 (D.C.1983) (respondent who committed five acts of neglect in one case publicly censured); *In re Kersey,* 83–6 (D.C. April 22, 1983) (respondent with one prior informal admonition censured for failing to appear on two occasions at court hearings); *In re Seltzer,* M–137–82 (D.C. March 30, 1983) (respondent with no prior disciplinary record censured for neglecting legal matter and failing to protect and inform client); *In re Lieber,* 442 A.2d 153 (D.C.1982) (respondent suspended for six months for neglecting a legal matter and engaging in conduct prejudicial to the administration of justice).

of respondent's repeated failure to fulfill his obligations to the court cannot be mitigated by the absence of adverse collateral consequences to his clients. Accordingly, it is

ORDERED that respondent be, and hereby is, formally censured.