**In the Matter of Bernard C. DORY, Respondent.**

No. 87–330.

District of Columbia Court of Appeals.

Submitted June 1, 1987.

Decided Aug. 5, 1987.[1]

Tilman L. Gerald, Silver Spring, Md., for respondent.

Thomas H. Henderson, Jr., Bar Counsel, and Ross T. Dicker, Asst. Bar Counsel, Washington, D.C., for Board on Professional Responsibility.

Before PRYOR, Chief Judge, and NEWMAN and BELSON, Associate Judges.

PER CURIAM:

This matter is before the court on the Report and Recommendation of the Board on Professional Responsibility (the Board). After consideration of the Report of a Hearing Committee (Committee), the Board found that respondent had neglected a legal matter entrusted to him in representing Mr. John McLaughlin (DR 6–101(A)(3)), and that he had failed to seek his client's lawful objectives and to carry out an employment contract for legal services (DR 7–101(A)(1) and (2)).[2] Rejecting the Committee's proposal of a six-month suspension, the Board recommends a thirty-day suspension and restitution in the amount of $500.

D.C.App.R. XI, § 7(3) provides in pertinent part:

[T]he Court shall accept the findings of fact made by the Board unless they are unsupported by substantial evidence of record, and shall adopt the recommended disposition of the Board unless to do so

---

1. Bar counsel and respondent have not submitted briefs before this court.

2. The Board rejected the Committee's conclusion that respondent had also violated DR 7–101(A)(3).

would foster a tendency toward inconsistent dispositions for comparable conduct or otherwise would be unwarranted.

■ The Board found that respondent had promised to file a motion for new trial or a notice of appeal in a case where respondent's client was dissatisfied with his jury award in a personal injury suit. After receiving $500 as a retainer fee, respondent failed to file the motion or the notice. Respondent also failed to return the $500. We accept the Board's findings of fact as they are supported by substantial evidence in the record.

■ A review of the recent precedent also supports the Board's rejection of the Committee's recommendation of a six-month suspension. In *In re Mendez*, No. 84–1159 (D.C. Dec. 14, 1984), this court adopted the Board's proposal of a ninety-day sanction for an attorney who had committed disciplinary violations similar to the ones in this case. However, we concluded that such a sanction was appropriate because the attorney had a significant history of prior discipline. We have recently observed:

> Most important is the fact that [the accused attorneys] have had unblemished records.... This factor weighs heavily in favor of imposing upon them the lightest sanction that will serve the purposes of Bar discipline.

*In re Reback*, 513 A.2d 226, 233 (D.C.1986) (en banc). In another similar case, *In re Stanton*, 470 A.2d 281 (D.C.1983), we opined that a sixty-day sanction was warranted where the violations involved the cases of two separate clients.

Recognizing that respondent has no prior disciplinary history, and that the instant violations stem from a single case, we adopt the Board's recommendation of a thirty-day suspension. *See also In re Keiler*, 380 A.2d 119 (D.C.1977) (one-month suspension appropriate for an attorney's first disciplinary violation of a serious nature).[3] Accordingly, respondent, Bernard C. Dory, is suspended from the practice of law for thirty days, effective thirty days from the date of this opinion.

*So ordered.*

BELSON, Associate Judge, concurring:

I concur in the result reached by the majority, but write separately because, in my view, the majority averts its attention from the record's clear and convincing evidence that respondent violated DR 7–101(A)(3).

In its footnote 2, the majority notes that the Board on Professional Responsibility rejected the Hearing Committee's conclusion that respondent had violated DR 7–101(A)(3) ("A lawyer shall not intentionally ... [p]rejudice or damage his client during the course of the professional relationship...."). While the majority neither explicitly approves nor disapproves of the Board's recommendation on this issue, I believe that the evidence on record establishes clearly that the Hearing Committee's conclusion was correct.

In the division opinion in *In re Reback*, 487 A.2d 235 (D.C.1985) (per curiam), *adopted in relevant part*, 513 A.2d 226, 229 (D.C.1986) (en banc), we held that the test for an "intentional" failure to seek a client's lawful objectives under DR 7–101(A)(1) was whether the attorney was "demonstrably aware" of his or her neglect, or whether the neglect "was so pervasive that [the attorney] must have been aware of it." *Reback, supra*, 487 A.2d at 240. The same test should apply in determining, under the same disciplinary rule, whether an attorney intentionally prejudiced his or her client.

Applying this test, I would conclude that respondent was "demonstrably aware" that his failure timely to move for a new trial and to appeal prejudiced his client. By agreeing that respondent violated DR 7–101(A)(1) and (A)(2), the majority has already accepted the conclusion that respondent was consciously aware of his failure to act. Furthermore, it is undisputed that

---

**3.** On the basis of the Statement filed by the parties, we are cognizant that respondent has made restitution.

respondent was aware of the early deadlines for filing a motion for a new trial and an appeal, and indeed had stressed to his client in writing the imminence of the former. The meeting of those deadlines was crucial to the client's prospects of obtaining redress. Given his knowing and conscious failure to act in the face of foreclosure of his client's options, there can be little room for doubt that respondent was "demonstrably aware" of the prejudice to his client.

In sum, I would decline to adopt the Board's recommendation in part, and would hold that respondent violated DR 7-101(A)(3). This additional holding would not lead me to differ with the majority's conclusion that respondent's course of conduct deserves the sanction recommended by the Board.