In the Matter of Quentin W. BANKS, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals.

No. 89–377.

District of Columbia Court of Appeals.

Argued June 12, 1990.
Decided July 6, 1990.

---

Wallace E. Shipp, Jr., Deputy Bar Counsel, with whom Thomas E. Flynn, Bar Counsel, was on the brief, for the Bd. on Professional Responsibility.

Quentin W. Banks, pro se.

Before ROGERS, Chief Judge, NEWMAN, and FARRELL, Associate Judges.

PER CURIAM:

The Board on Professional Responsibility found that respondent Quentin W. Banks

---

neglected a legal matter entrusted to him by his client, Estelle Stevenson, in violation of DR 6–101(A)(3) and recommended that he be suspended for 30 days. Respondent takes exception to the Board's finding and recommended sanction on the grounds that he did not violate DR 6–101 by failing to file suit on behalf of his client before the statute of limitations had run since, he contends, suit was precluded by the D.C. Compulsory No–Fault Motor Vehicle Insurance Act of 1982. He also maintains that if a sanction is to be imposed, then the appropriate sanction is to stay the suspension and place him on probation under the supervision of a practice monitor.

## I.

Ms. Stevenson retained respondent in March 1984 to pursue her claim arising from injuries she sustained in an automobile accident the previous month. She tried to reach respondent on several occasions, but was unable to do so. Respondent wrote several letters in 1984 and 1985 in connection with Ms. Stevenson's claim, including a demand letter in May 1985 to the insurer of a driver of one of the cars involved in the accident, but no response was forthcoming from the insurer. Beyond these letters, however, the Board found that respondent took no steps to pursue Ms. Stevenson's claim on which the statute of limitations expired in 1987. The Board also found that Ms. Stevenson had contacted respondent on several occasions to check the status of the case, and that he had consistently reassured her that he was attending to her claim.

Respondent, appearing *pro se*, conceded before the hearing committee that he had failed to act on Ms. Stevenson's case. He explained that her file had been lost, that the file folders he prepared constituted the sole method of tracking cases in his office, and that he did not become aware that no action had been taken on her claim until Bar Counsel informed him of the complaint by Ms. Stevenson. When respondent recovered the misplaced file in his office, he realized that it, along with some others, had been entrusted to a law clerk who, respondent learned in February 1986, had been arrested on drug charges and admitted to being a drug addict. The law clerk resigned shortly after his arrest, but the Board found that respondent took no action at that time to review the work for which the law clerk had been responsible. Of course, by the time respondent recovered the missing file, the three year general statute of limitations for personal injury actions had run.

Respondent also maintained that his inaction did not constitute neglect under DR 6–101(A)(3) because his conduct was excused by the D.C. Compulsory No–Fault Motor Vehicle Insurance Act of 1982. D.C. Code §§ 35–2101 through –2114 (1985 Supp.). That Act prohibited Ms. Stevenson from bringing a law suit for the injury she sustained in the car accident because, respondent contends, she failed to qualify under one of the enumerated exceptions since her medical expenses and loss of wages totaled $930, well below the statutory threshhold of $5,000. D.C.Code § 35–2105(b)(6) (1985 Supp.). Respondent further contends, relying on *Stackhouse v. Schneider,* 559 A.2d 306 (D.C.1989), that the statute of limitations does not start running in actions for personal injury resulting from automobile accidents until the injured party's medical expenses reach $5,000, since "permitting a statute of limitations to run before the plaintiff has a right to file suit defies logic," 559 A.2d at 308, and accordingly, that his inaction did not continue past the expiration of the statutory period of limitations applicable to Ms. Stevenson's claim.

Appellant's statutory argument is seriously flawed, as he testified that the statute did not preclude recovery of expenses and costs. The 1982 No–Fault Act restricted how and from whom Ms. Stevenson, as a passenger-victim of an automobile accident, could seek compensation for her losses stemming from the automobile accident and barred a law suit based on liability for her noneconomic losses since her medical expenses totaled less than $5,000. *See generally Dimond v. District of Columbia,* 253 U.S.App.D.C. 111, 114, 792 F.2d 179, 182 (1986). But Ms. Stevenson's claim

for her economic injuries, which amounted to $930, were compensable under the 1982 No–Fault Act, a proposition with which respondent indicated at the hearing he agreed.

Respondent's reliance on, *Stackhouse v. Schneider, supra,* 559 A.2d at 308, is misplaced since the rule in that case applies only to actions which are initially barred by the restrictions contained in the 1982 Act. Ms. Stevenson's recovery for economic losses, the $930, was not barred and the avenues of recovery open to her became time barred while Ms. Stevenson's file was misplaced. Similarly, his reliance on *Jameson v. King,* 571 A.2d 216 (D.C.1990), is to no avail since that too does not address economic losses. Further, *Stackhouse v. Schneider* was decided several years after respondent's inaction which gave rise to the disciplinary proceedings, and over one month after the Board's report was issued finding that respondent's behavior constituted neglect. REPORT AND RECOMMENDATION OF THE BOARD ON PROFESSIONAL RESPONSIBILITY, Bar Docket No. 88–88 (April 21, 1989). Thus, the nature of respondent's inaction is not changed, nor is respondent's conduct excused, where his inaction occurred when such an interpretation of the statute of limitations was not clearly prevailing. Nor does respondent contend that his inaction was due in any part to the fact that the statute of limitations had not yet run.

In any event, in finding that respondent violated DR 6–101(A)(3), the Board relied not only on the fact that respondent had not settled or filed suit on Ms. Stevenson's claim during the applicable statutory period, but on the facts that respondent's inaction occurred in the face of reminders from his client and was due in part to a poor record-keeping system and a failure to supervise the work of his subordinate. *See In re Dory,* 528 A.2d 1247 (D.C.1987). Further, even if Ms. Stevenson's ability to bring a personal injury action was in some way restricted by the No–Fault Act, respondent owed a duty to keep Ms. Stevenson informed of the status of her case and to fully explain any statutory limitations on her ability to recover, which he failed to do.

Accordingly, the Board concluded that respondent's inaction past the expiration of the statute of limitations, notwithstanding his client's reminders, his poor record-keeping system which was conducive to the kind of omission occurring here, and his failure to supervise the work of his subordinate, constituted neglect. This finding is amply supported by the record before the Board, and we find appellant's contentions to the contrary to be meritless. Because Ms. Stevenson's cause of action for the $930 economic loss became time barred due to respondent's inaction and the development in the law governing the statute of limitations applicable to the No–Fault Act had no effect upon the nature of respondent's inaction, and because of respondent's failure to act despite his client's requests to do so and his failure to apprise her of the status of her case, we agree with the finding of the Board that respondent's conduct constituted neglect.

II.

In determining that respondent's misconduct warranted a 30–day suspension, the Board rejected the hearing committee's recommendation that he be suspended for 60 days, of which 30 days would be stayed pending a one year probation period under the supervision of a practice monitor. The Board noted that respondent had three prior disciplinary violations, including a public censure, and that a suspension would impress upon him the severity of his neglect and the importance of reform of his office practices. In the Board's view, a practice monitor was not needed since respondent's cooperation and contrition signaled his willingness to prevent similar conduct from recurring. Respondent maintains that if a sanction is to be imposed, a stayed suspension with probation under the supervision of a practice monitor would be appropriate, rather than a 30–day suspension.

D.C.Bar.R. XI § 9(g) provides that this court "shall adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or otherwise would be unwarranted." *See In re*

*Thompson,* 478 A.2d 1061, 1064 (D.C.1984) (review of recommended sanctions is done with deference to the Board's "sense of equity"). *In re Dory, supra,* 528 A.2d 1247, involved an attorney who was retained to file a motion for a new trial and/or appeal, but failed to do so. The court affirmed the Board's finding that Dory's conduct constituted neglect and adopted the Board's recommendation of a 30–day suspension, although Dory had no prior disciplinary history. *See also In re Keiler,* 380 A.2d 119 (D.C.1977) (one-month suspension appropriate for an attorney's first disciplinary violation of a serious nature).

Respondent's prior instances of discipline did not involve dishonesty or misrepresentation, and he has made mutually satisfactory restitution to Ms. Stevenson. Although comparison of disciplinary cases can never be exact, and each case must be evaluated on its own facts, *In re Roundtree,* 467 A.2d 143, 148 (D.C.1983) (*citing In re Russell,* 424 A.2d 1087 (D.C.1980)), comparable conduct in this jurisdiction has been held to warrant comparable penalties. *E.g. In re Dory, supra,* 528 A.2d 1247; *In re Keiler, supra,* 380 A.2d 119. *Compare In re Thompson, supra,* 478 A.2d 1064 (censure appropriate where disciplinary history consisted of one prior informal admonishment); *In re Stanton,* 470 A.2d 281 (D.C.1983) (60–day suspension for three instances of willful refusal to pursue client's lawful objectives in two separate cases). We find the Board's reasoning persuasive in the instant case and its recommended sanction appropriate.

Accordingly, it is hereby ORDERED that respondent shall be, and hereby is, suspended from the practice of law in the District of Columbia for thirty days. This suspension shall be effective 30 days after the filing of this opinion.