In re Ronald A. WRIGHT, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals.

No. 04–BG–339.

District of Columbia Court of Appeals.

Argued Sept. 8, 2005.

Decided Oct. 20, 2005.

Leonard L. Long, Washington, DC, for respondent.

Julia L. Porter, Senior Assistant Bar Counsel, with whom Joyce E. Peters, Bar Counsel at the time the brief was filed, was on the brief, for the Office of Bar Counsel.

⸜ Elizabeth J. Branda, Executive Attorney, and M. Jennifer Hopeman, Assistant Executive Attorney, filed a statement in lieu of brief for the Board on Professional Responsibility.

Before TERRY and GLICKMAN, Associate Judges, and NEWMAN, Senior Judge.

PER CURIAM:

Considering four consolidated disciplinary complaints involving five separate clients, the Board on Professional Responsibility has concluded that respondent Ronald A. Wright committed numerous violations of the D.C. Rules of Professional Conduct. The violations, which are undisputed, revealed a pattern of dishonesty and disregard for the rights and interests of his clients and third parties in his criminal defense and plaintiff's personal injury practice. More specifically, as detailed in its report, the Board has found that respondent (1) neglected a client's matter in violation of Rule 1.3 by failing to file a time-sensitive motion to seal the client's arrest record after he agreed to do so; (2) settled clients' personal injury claims without their knowledge or consent and otherwise failed to keep clients properly informed or abide by their decisions, in violation of Rules 1.2(a), 1.3(b), 1.4, and

1.5(c); (3) failed to keep adequate records of the source and disposition of funds in his client trust account, in violation of Rule 1.15(a); (4) intentionally harmed a client in violation of Rule 1.3(b)(2) by knowingly delivering an erroneously issued insurance check to the client without warning her against cashing it; (5) failed to notify clients' medical providers of insurance settlements and promptly pay them from the settlement proceeds as he had agreed to do, in violation of Rule 1.15(b); and (6) avoided paying certain medical providers what they were owed by falsely and dishonestly representing to them that settlements had not yet been reached and that he had reduced his own fees, in violation of Rule 8.4(c). As the sanction for respondent's pattern of misconduct, the Board recommends that he be suspended from the practice of law for one year with reinstatement conditioned on proof of fitness and payment of restitution to the client whose matter he neglected and two yet unpaid medical providers.

The Board's findings of misconduct, which respondent does not challenge, are supported by substantial evidence in the record. We accept them. *See* D.C. Bar R. XI, § 9(g). Respondent takes exception only to the Board's recommended sanction, which he contends is overly severe. Respondent argues that the Board should not have proposed a single sanction for his multiple violations in the aggregate, but instead should have recommended a sanction for each Rule violation (or each of his four disciplinary cases) separately, "as if it [were] the only violation [or case] before the court." Bar Counsel opposes respondent's position and supports the recommended sanction.[1]

■ There is no merit to respondent's contention that his misconduct should not be considered in its entirety for purposes of determining an appropriate sanction. On the contrary, we have deemed it "essential for the Board and this court to 'evaluate all circumstances of conduct that shed light on an attorney's fitness to practice.'" *In re Rosen,* 481 A.2d 451, 455 (D.C.1984) (quoting *In re Thompson,* 478 A.2d 1061 (D.C.1984)). An attorney's character and fitness "can be evaluated only by a disciplinary process that measures his or her behavior as a whole, not by separate inquiries into isolated instances of alleged misconduct." *In re Hines,* 482 A.2d 378, 383 (D.C.1984). Thus, when a respondent has multiple disciplinary cases and multiple violations, both the Board and this court have selected the sanction in light of the respondent's behavior in the aggregate. *See, e.g., In re Lyles,* 680 A.2d 408 (D.C.1996); *In re Ryan,* 670 A.2d 375 (D.C.1996); *In re Washington,* 541 A.2d 1276, 1283 (D.C.1988); *In re Hines,* 482 A.2d at 383.

■ Considering respondent's behavior in the aggregate, we are well satisfied that the Board's recommended sanction is war-

---

1. Bar Counsel takes exception, however, to the Board's failure to find certain additional ethical violations on respondent's part, including dishonesty in his relations with his clients. Essentially, Bar Counsel disagrees not with the Board's legal analysis, but rather with its (and the Hearing Committee's) determinations of credibility and evaluations of the evidence—matters as to which our review is necessarily deferential. *See, e.g., In re Chisholm,* 679 A.2d 495, 502 (D.C.1996). Since Bar Counsel agrees with the Board on the appropriate sanction in any event, and since we choose to follow the Board's recommendation, *see infra,* we think it unnecessary to reach Bar Counsel's exceptions to the Board's findings. *See, e.g., In re Corizzi,* 803 A.2d 438, 439 n. 1 (D.C.2002). We are satisfied that the findings of additional misconduct sought by Bar Counsel would make no practical difference either to the sanction we impose or to the showing of fitness that respondent will need to make in order to be reinstated.

ranted and is by no means overly severe.[2] *See* D.C. Bar R. XI, § 9(g)(1). A one-year suspension with reinstatement conditioned on a showing of fitness and restitution is consistent with the discipline we have imposed in other cases involving a comparable pattern of dishonesty, neglect, lack of responsibility to clients, and deficient trust account record keeping. *See, e.g., In re Tinsley,* 582 A.2d 1192, 1195 (D.C.1990); *see also In re Grimes,* 687 A.2d 198 (D.C. 1996); *In re Chisholm,* 679 A.2d at 505; *In re O'Donnell,* 517 A.2d 1069 (D.C.1986); *In re Fogel,* 422 A.2d 966 (D.C.1980); *In re Smith,* 403 A.2d 296, 303–04 (D.C.1979). As to the requirement of restitution to the third party medical providers, see *In re Bettis,* 855 A.2d 282, 289–90 (D.C.2004).

Accordingly, respondent Ronald A. Wright is hereby suspended from the practice of law for one year, with reinstatement to be conditioned upon (1) a showing by respondent that he has been rehabilitated and is fit to practice law in the District of Columbia, and (2) proof that respondent has made restitution as follows: (a) $300 to former client Carolyn Pyatt with six percent interest[3] from October 21, 1999; (b) $2,705 to Washington Physical Medicine Center with six percent interest from June 14, 1999; and (c) $320 to Dr. Michael Redlich with six percent interest from March 3, 1998. Respondent's suspension shall become effective thirty days after the date of this order.

*So ordered.*[4]

NEWMAN, Senior Judge, concurring.

I join the court's opinion and write to express a personal view. I am well aware of the provisions of D.C. Bar R.XI, § 9(g)(1), which require us to defer to the Board on quantum of discipline "unless to do so would foster a tendency toward inconsistent discipline for comparable conduct or would otherwise be unwarranted." Having been Chief Judge at the time of the adoption of this provision (and a proponent thereof), I am well aware of the Rule's "legislative history." I write separately to repeat here what I said during oral argument: the undisputed facts in this case push my "deference" to the Board to the outer limit. I fully understand Bar Counsel's view that the recommended sanction is "incredibly lenient." It is with confidence that the Board will take a "hard look" at the "fitness" criteria when Wright applies for reinstatement that I concur.

2. Bar Counsel goes so far as to call the recommendation "incredibly lenient."

3. *See In re Huber,* 708 A.2d 259, 260–61 (D.C. 1998).

4. Respondent's attention is directed to the requirements of D.C. Bar R. XI, § 14 (relating to disbarred and suspended attorneys) and § 16 (relating to eligibility for reinstatement).