*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 17-BG-1279

IN RE KEVIN J. MCNEELY, RESPONDENT.

A Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 473950)

On Report and Recommendation of the Board on Professional Responsibility
Ad Hoc Hearing Committee
(Board Docket No. 17-ND-011)

Approving Petition for Negotiated Discipline
(BDN 284-16)

(Decided: December 14, 2017)

Before GLICKMAN and MCLEESE, *Associate Judges*, and STEADMAN, *Senior Judge*.

PER CURIAM: This decision is non-precedential. Please refer to D.C. Bar R. XI, § 12.1 (d) governing the appropriate citation of this opinion.

In this disciplinary matter, the District of Columbia Court of Appeals Board on Professional Responsibility Ad Hoc Hearing Committee (the Committee)

recommends approval of a petition for negotiated attorney discipline. The violations stem from respondent Kevin J. McNeely's professional misconduct arising from acts or omissions during the course of his representation of two joint clients in obtaining patent protection. In brief, the clients retained respondent to file utility, international, and design patent applications. After respondent filed the utility and international patent applications and the clients paid respondent the associated fees and costs, respondent deposited the funds in an operating account that held other funds but did not pay the filing fee for either patent. After the clients were unable to make contact with respondent, they retained new counsel and subsequently made contact with respondent, who admitted his failures and worked with successor counsel to restore the utility patent application.

Respondent acknowledged he (1) failed to provide competent representation and serve his client with skill and care; (2) failed to zealously represent his clients; (3) failed to communicate with his clients; and (4) commingled client funds, thereby violating Rules 1.1 (a) & (b), 1.3 (a), 1.4 (a) and 1.15 (a) of the District of Columbia Rules of Professional Conduct. In mitigation, the Committee considered the fact that respondent knowingly and voluntarily acknowledged the facts and

misconduct, demonstrated remorse, established entitlement to a *Kersey*[1] mitigation defense, and does not have a prior history of discipline. As a result, Disciplinary Counsel and respondent negotiated the imposition of discipline in the form of a thirty-day suspension, stayed, and three years of probation during which respondent must (1) not commit any other violation of the D.C. Rules of Professional Conduct or the disciplinary rules of any other jurisdiction (excluding any reciprocal discipline imposed for these violations); (2) remain in individual therapy with his treating psychologist; (3) attend Alcoholics Anonymous (AA) at least two times a week and submit proof of attendance to his psychologist; (4) continue his use of psychotropic medication as prescribed by his psychiatrist and meet with his psychiatrist every three months; (5) execute and maintain the appropriate waivers or consent forms to permit the psychologist and psychiatrist to contact the D.C. Bar Lawyer Assistance Program (LAP) if he ceases treatment or fails to attend AA; and (6) authorize LAP to report to Disciplinary Counsel if he stops treatment with his psychologist or psychiatrist, fails to attend AA, or revokes his consent to prevent LAP from reporting to Disciplinary Counsel. Additionally, respondent shall advise, in writing, his employer about the conditions of his probation and copy Disciplinary Counsel on the correspondence. If respondent's

---

[1] *In re Kersey*, 520 A.2d 321 (D.C. 1987).

probation is revoked and he is suspended from the practice of law, he must file with this court an affidavit pursuant to D.C. Bar R. XI, § 14 (g) in order for his suspension to be deemed effective for purposes for reinstatement. After reviewing the petition for negotiated discipline, considering a supporting affidavit, conducting a limited hearing, reviewing Disciplinary Counsel's files and records, and holding an ex parte meeting with Disciplinary Counsel, the Committee concluded that the petition for negotiated discipline should be approved.

In accordance with our procedures in uncontested disciplinary cases, we agree this case is appropriate for negotiated discipline. We accept the Committee's recommendation because the Committee properly applied D.C. Bar R. XI, § 12.1 (c), and we find no error in the Committee's determination. Based upon the record before the court, the negotiated discipline of a thirty-day suspension from the practice of law, stayed, and three years of probation with the conditions set forth above is not unduly lenient considering existence of mitigating factors and the discipline imposed by this court for similar actions.[2] Accordingly, it is

---

[2] *In re Chapman*, 962 A.2d 922 (D.C. 2008) (imposing a sixty-day suspension, with thirty days stayed in favor of a one year of probation with conditions, for a single neglect matter that caused significant prejudice to a client after the attorney, with no prior disciplinary history, was deliberately dishonest

( continued…)

ORDERED that Kevin J. McNeely is hereby suspended from the practice of law in the District of Columbia for thirty days, stayed, and is placed on three years of probation during which respondent must (1) not commit any other violation of the D.C. Rules of Professional Conduct or the disciplinary rules of any other jurisdiction (excluding any reciprocal discipline imposed for these violations); (2) remain in individual therapy with his treating psychologist; (3) attend AA at least two times a week and submit proof of attendance to his psychologist; (4) continue his use of psychotropic medication as prescribed by his psychiatrist and meet with his psychiatrist every three months; (5) execute and maintain the appropriate waivers or consent forms to permit the psychologist and psychiatrist to contact LAP if he ceases treatment or fails to attend AA; and (6) authorize LAP to report

---

(…continued)
during Disciplinary Counsel's investigation, lacked credibility, and did not express remorse); *In re Bland*, 714 A.2d 787 (D.C. 1998) (involving the public censure of an attorney for neglect and other misconduct in a single matter); *In re Lewis*, 689 A.2d 561 (D.C. 1997) (recognizing it is "unusual" to impose a suspension for a first violation that sounds largely in neglect, with no proven violations involving dishonesty, and suspending the attorney for thirty days after he abandoned representation of a client in a criminal matter, failed to maintain contact with the client, failed to give notice to the client that the attorney had terminated representation, and failed to provide accurate address to court); *In re Banks*, 577 A.2d 316 (D.C. 1990) (resulting in a thirty-day suspension after the attorney's neglect resulted in the client's cause of action being barred by the applicable statute of limitations).

to Disciplinary Counsel if he stops treatment with his psychologist or psychiatrist, fails to attend AA, or revokes his consent to prevent LAP from reporting to Disciplinary Counsel. Additionally, respondent shall advise, in writing, his employer about the conditions of his probation and copy Disciplinary Counsel on the correspondence. If respondent's probation is revoked and he is suspended from the practice of law, he must file with this court an affidavit pursuant to D.C. Bar R. XI, § 14 (g) in order for his suspension to be deemed effective for purposes for reinstatement.

*So ordered.*