*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 18-BG-763

IN RE WARNER H. ANTHONY JR., RESPONDENT.

A Member of the Bar of the District of Columbia Court of Appeals
(Bar Registration No. 412731)

On Report and Recommendation
Of the Board on Professional Responsibility
(BDN 156-17)

(Decided December 13, 2018)

Before BECKWITH and EASTERLY, *Associate Judges*, and FARRELL, *Senior Judge*.

PER CURIAM: In this case, the Board on Professional Responsibility has adopted the Ad Hoc Hearing Committee's findings that Mr. Anthony violated multiple disciplinary rules in connection with his representation of two clients (a married couple) before the U.S. Tax Court and his failure to respond to Disciplinary Counsel's investigation of that representation. The Board also adopted the Committee's recommendation that Mr. Anthony be suspended from the practice of law for a period of one year and that his reinstatement be

conditioned on a showing of fitness. We review and adopt the Board's recommendation.

After Mr. Anthony failed to respond to Disciplinary Counsel's specification of charges, Disciplinary Counsel filed a motion for default that Mr. Anthony did not oppose. The Ad Hoc Hearing Committee ultimately issued its report pursuant to the default procedures established by D.C. Bar R. XI, § 8 (f), providing that allegations outlined in an unanswered petition are deemed admitted. Based on the sworn statements of Disciplinary Counsel, the Committee found that Mr. Anthony failed to competently and diligently represent his clients in a federal tax matter when he did not provide them with a written retainer agreement and then, after filing three petitions in the United States Tax Court on their behalf, did not comply with court rules or respond to court orders, resulting in dismissal of the petitions. The Committee found that the dismissal of these petitions was prejudicial to Mr. Anthony's clients because the dismissals foreclosed any further challenge to the contested tax assessments. Further, the Committee found that Mr. Anthony failed to respond to his clients' request for information and misrepresented the status of the dismissed petitions, telling his clients that their petitions were successfully proceeding before the court. Thereafter, when Mr. Anthony's clients obtained new counsel, Mr. Anthony failed to respond to counsel's request for the client files.

In light of Mr. Anthony's numerous and extended rule violations,[1] and the resulting financial prejudice to his clients, the Ad Hoc Hearing Committee recommended that he be suspended for one year. Further, the Committee determined that both the nature of his misconduct and his absenteeism in the disciplinary proceedings raised serious doubts as to his fitness to practice law and his ability to conform his conduct to the Rules in the future.[2] Accordingly, the Committee recommended that Mr. Anthony be required to demonstrate his fitness to practice in order to be reinstated to the Bar.

Neither Mr. Anthony nor Disciplinary Counsel filed any exceptions to the Committee's report. Under D.C. Bar R. XI, § 9 (h)(2), "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." *See also In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential

---

[1] Mr. Anthony was found to have violated D.C. Rules 1.4 (a), 1.4 (b), 1.5 (b), 1.16 (d), 8.1 (b), 8.4 (c), and 8.4 (d). In addition, because some of his conduct related to his actions in the United States Tax Court, he was also found to have violated ABA Model Rules 1.1, 1.3, 3.4 (c), and 8.4 (d). *See* D.C. Rule 8.5 (b)(1) (explaining when other disciplinary rules apply).

[2] *See, e.g.*, *In re Guberman*, 978 A.2d 200, 213 (D.C. 2009).

standard of review becomes even more deferential."). As noted above, Mr. Anthony has failed to respond to any of the disciplinary charges brought against him or to participate at any stage of these disciplinary proceedings. Both the Committee and the Board determined that his misconduct was serious and persistent. The discipline they recommend is proportionate to his misconduct and consistent with our precedent.[3]

Accordingly, it is

ORDERED that Warner H. Anthony is suspended for a period of one year and that reinstatement is conditioned on his establishing fitness to resume practice. For purposes of reinstatement the period of respondent's suspension will not begin to run until such time as he files a D.C. Bar R. XI, § 14 (g) affidavit.

*So ordered.*

---

[3] *See, e.g.*, *In re Sheehy*, 454 A.2d 1360, 1361 (D.C. 1983) (en banc) (rejecting the recommendation of disbarment and imposing a two-year suspension for serious neglect where there was a prior instance of misconduct); *In re Rodriguez-Quesada*, 122 A.3d 913, 921–22 (affirming a two-year suspension with fitness for gross and persistent negligence in four separate matters and an intentional false statement to an immigration judge); *In re Wright*, 885 A.2d 315, 317 (D.C. 2005) (one-year suspension with fitness when respondent's actions demonstrated a pattern of dishonesty and neglect and a lack of responsibility to clients).